Blackford, J.
This was a scire facias issued by a justice of ■ the peace in favour of Ezra against Manlove as replevin bail. The scire facias states that on, &c., a distress-warrant for rent had been issued by the justice in favour of Ezra and, on his affidavit, against one Sumner; that-the latter, according to the statute, appeared before the justice and confessed judgment for the sum of $293, the rent due; that Man-love entered himself as bail for the stay of execution; and that an execution had issued on the judgment against Sumner, and been returned “ ho property found.” The parties to the scire facias appeared before the justice, and the cause was submitted to a jury. Verdict and judgment for the defendant. The plaintiff appealed.
The Circuit Court dismissed the cause, on the defendant’s motion, for the want of jurisdiction.
The defendant in error contends that the jurisdiction of a justice of the peace does not extend, even in cases of confessed judgments, beyond $100; that the judgment against Sumner being for more than that sum was a nullity; and that the bail for the stay of execution on such judgment is. not therefore liable.
It is true that the statute regulating the jurisdiction and duties of justices of the peace limits the jurisdiction of those officers, in all cases to which it applies, as the defendant in error contends. R. S., 1838, p. 364. But the proceeding against Sumner was under the statute regulating distress for rent, which enacts that a landlord’s warrant for rent due may be issued by a justice of the peace, and that in all such cases, the tenant may have the property taken by virtue of the warrant discharged, by confessing judgment before a justice of the peace for the amount of the rent due, &c. R. S., 1838, p. 472. In the statute last-named there is no limit as to the amount of the justice’s jurisdiction; and the cases arising under it stand, as we conceive, independent of the statute regulating the jurisdiction and duties of justices of the peace.
The justice having jurisdiction to render the judgment *489 against Sumner, it follows, there being nothing in the statute to the contrary, that he had authority to take bail for the *st^y of execution on it, and, after the proper return to an execution against the principal, to issue a scire facias against the bail, as in other cases.
IF. M. Jenners and R. A. Chandler, for the plaintiff.
Z. Baird and R. A. Loakioood, for the defendant.
It is said that the suit was, at any rate, rightly dismissed on account of a defect in the appeal bond. The objection to the bond is that it is in the penalty of “two hundred,” the word dollars being omitted. This objection was not made in the Circuit Court, and, therefore, were it otherwise tenable, it conies too late. Besides, no objection whatever to the appeal bond could be a ground for dismissing the action.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.