## MARTHA POSTON, Admr., *v.* J. J. MHOON.

1. LANDLORD AND TENANT—POSSESSORY ACTION.—M. brought his action in the justice's court, against P., to recover the possession of the premises in controversy; recovered a judgment, from which P. took an appeal to the circuit court; the jury found for plaintiff, and assessed his damages at $750.00. *Held:* Although the circuit court will try appeals *de novo*, and has no more jurisdiction than the justice had, unless given by the statute, yet that rule does not apply to actions of this nature. In possessory actions for rents and damages, the circuit court is not limited in its judgment to $150.00. Rev. Code 1871, § 1595.

2. SAME—SAME.—From the fact that the plaintiff below claimed rent, we infer that the relation of landlord and tenant existed.

3. SAME—APPEAL BOND.—The objection to the appeal bond on appeal from the justice's court to the circuit court, should have been made in the court below, and it is too late to raise it in this court, for the first time.

4. SAME—PROPER PARTIES.—In a mere possessory action, where the defendant dies pending an appeal, it is sufficient to revive against the administratrix. It is not necessary to revive the action against the heirs of the deceased, as the title to the premises is not involved.

Error to the circuit court of Tunica county, Hon. C. C. Shackleford, Judge.

The facts of this case are sufficiently stated in the opinion of the court.

*Nugent & Yerger*, for plaintiffs in error:

The record is very defective, and the errors appear on its face. The case itself was not properly brought in the first instance, and was appealed to the circuit court. The complaint was not verified by the affidavit of Mhoon, and the appeal bond purports to bind Bates, attorney for Mhoon, as principal alone, and E. Richards and J. J. Mhoon as securities, and is not sealed at all.

The statute requires a *bond* to be given, and as the appeal rests solely on the bond, without it, it should not have been entertained. It required the bond to give the court appellate jurisdiction. Rev. Code, 1871, § 1583. At the April term, 1872, of the circuit court the death of F. N. Poston was suggested, and a *scire facias* was awarded. This writ was duly executed on the administratrix and heirs of Poston, and at the September term, 1872, the cause was revived against the administratrix of Poston, but not against his heirs at law. This is manifestly erroneous. On the death of Poston the possession of the premises in controversy was cast upon his heirs, and they were the parties. In fact necessary parties defendant to an action exclusively for the possession of the lands.

His administratrix was also a necessary party, because Mhoon sought, in addition to the possession of the lands, to recover $150 for their use and occupation. The necessary parties were, therefore, not before the court, and the case was not in a condition to be submitted to the jury.

The verdict for $750, is erroneous and excessive. The plaintiff could only have recovered rent to the extent of $150, by the express provisions of the Rev. Code of 1871, § 1590. The judgment of the court can not be sustained. It gives Mhoon $750 rent, and awards a writ of possession

against the administratrix, who was not in possession in that capacity, and against the heirs at law also, as to whom there had been no revivor.

*Frank Johnston*, for defendant in error:

The defendant was regularly in court at the April term, 1872, of the circuit court, and after his death, at the ensuing September term, his personal representatives were brought in by proper process. The case was tried, no objections being made to any irregularity in the proceedings.

For the first time in the case, the suggestion is made in this court that the appeal bond is defective.

The circuit court was the place, and before the trial was the proper time to have made the objection, when and where the bond could have been perfected. If anything is well settled, it is, that this comes within the rule, that points not made in the court below will not be entertained here.

There was no revivor against the heirs of Poston, the original defendant. The heirs at law were not necessary parties. The decedent was the lessee of the plaintiff in the action of unlawful detainer.

An estate for years is a chattel interest, and goes to the personal representatives. Webster v. Parker, 42 Miss., 465; Montgomery v. Dillingham, 3 S. & M., 647; Taylor, Landlord v. Tenant, § 434, 463, 459.

This is a mere possessory action, and does not involve the title to the premises, but the mere termination of a lease.

This court will presume that the court below proceeded regularly, and that it was satisfied, by proper evidence, who were in possession of the property.

Again, it is said, the verdict of the jury is erroneous. Mhoon claimed $150 rent, and the verdict was for $750, and counsel cites the Code of 1871, § 1590. This applies to judgments to be rendered by the justice of the peace. But he looses sight of §1595, which provides that, "on the trial of the cause in the circuit court, the plaintiff may claim for all arrears of rent due *at the time of such trial*, or for the

use and occupation of the premises up to the time, if the same shall have remained in the possession of the defendant."

If excessive, we stand ready to remit.   See 13 S. & M., 383.

*G. F. F. Thompson*, on same side :

Cited—1 S. & M., 389; 92 S. & M., 205; 2 George, 378 and 705; 3 George 137; 11 N. Y., 484; Taylor, Landlord and Tenant, p. 459; 1 Bing., N. C., (Eng.) p. 89; 4 Tyro., 111; Taylor, Landlord & Ten., 460; 12 S. & M., 483; 2 George, 211; 45 Miss., 691; 39 Miss., 784; 1 Salk., (Eng.) 317; Taylor, Landlord and Tenant, 461; 43 Miss., 52.

PEYTON, C. J., delivered the opinion of the court.

The record in this case presents the following state of facts, to-wit :

That J. J. Mhoon brought his action of unlawful detainer against one F. N. Poston, to recover the possession of a parcel of land, described as section 21, township 4, in range 12, west, in the county of Tunica, before three justices of the peace of said county, who, on the 6th day of March, 1872, rendered judgment for the defendant, from which the plaintiff appealed to the circuit court of said county; and upon the suggestion of the death of the said F. N. Poston, the cause was revived against Martha Poston, the administratrix of his estate, and submitted to a jury, who found for the the plaintiff, and assessed his damages at $750.00, for which, and costs of suit, an execution was ordered to issue, as also the writ of *habere facias possessionem*. From this judgment the defendant, Martha Poston, brings the case to this court by writ of error, and makes the following assignments of error:

1. The case was never properly in the circuit court of Tunica county, and the appeal should have been dismissed.

2. There was no revivor of the case in the circuit court against the heirs at law of F. N. Poston, who died pending the appeal.

3. The verdict of the jury is erroneous. Mhoon claimed $150.00 rent, and the verdict was for $750.00.

. 4. The judgment of the court cannot be maintained, because it awards a writ of possession against the heirs at law of Poston, as to whom the suit had not been revived.

This is a mere possessory action, in which the right to the possession is involved, and is dependent on certain relations existing between the parties and not on the title. The action has heretofore been allowed in this State only where the relation of landlord and tenant existed, or of vendor and vendee, where the latter had entered into a contract of purchase, which he failed to comply with. Cummins v. Kilpatrick, 1 Cush., 106.

. In regard to the first assignment of error, it is insisted the appeal bond was insufficient. However this may be, the objection to it should have been made in the circuit court, where, upon motion of the appellee, the court is authorized, under section 1596, of the Code of 1871, to inquire into the sufficiency of the bond, and if found insufficient to require a new bond, this objection could have been obviated, had it been made at the proper time, and, therefore, cannot avail the plaintiff in error when raised in this court for the first time.

From the fact that the plaintiff below claimed rent, we are to infer that the relation of landlord and tenant existed between the parties, in the absence of any proof to the contrary; and if such was the relation, the heirs at law of F. N. Poston, deceased, were not proper parties to the suit, as the title to the real estate, which devolved upon them on the death of their ancestor, was in no way involved, and there is no error therefore in the failure to revive the suit against the heirs of said decedent.

The third assignment of errors presents a question of more difficulty, the solution of which involves the construction of section 1595, of the Code of 1871, which provides, that "on the trial of the cause in the circuit court, the plaintiff may claim for all arrears of rent due at the time of such

trial, or for the use and occupation of the premises up to that time, if the same shall have remained in the possession of the defendant, and the jury shall be charged to inquire and find the same; and the court shall cause judgment to be entered against the defendant, and his sureties on the appeal bond, for the amount of such verdict, and award a *fieri facias* thereon, with legal interest and all costs; *Provided*, That the judgment against the surety shall not exceed the penalty of the appeal bond."

It is insisted on behalf of the plaintiff in error, that the verdict is excessive, and the judgment thereon erroneous, because the plaintiff could only have recovered rent to the extent of $150.00, by the express provision of section 1590, of the Revised Code of 1871. This section, it is believed, is intended to apply only to the justice's court, whose jurisdiction in all civil actions is limited to $150.00. And it is conceded that the circuit court has no more jurisdiction on appeals from justices of the peace than they had, unless given by statute.

For the purpose of preventing a multiplicity of suits in cases like that now under consideration, the legislature has thought proper to give to the circuit court, on appeals from the judgments of the justices of the peace, a more extended jurisdiction than that which limited the judgment of the justices to $150.00 in actions of this character. It will be seen by reference to section 1595, above referred to, that the circuit court, upon an appeal, is not limited in its judgment for rent or damages to $150.00, but shall render judgment against the defendant for the amount of rent or damages found due the plaintiff at the time of the trial upon such appeal. This provision of the statute was wisely intended to enable the plaintiff, upon a recovery of the possession of his land, to recover the whole amount that may be found due him by the verdict of a jury at the time of the trial, for arrears of rent, or damages, for the use and occupation of the premises, and thus make one action do complete justice between the parties.

If the construction contended for by counsel for plaintiff in error, be correct, the very object and purpose of this latter provision of the statute would be defeated. Suppose the rent of the land in controversy, was shown by evidence to be worth $150.00 per month, and that the defendant at the time of the trial before the justice of the peace, had unlawfully detained the premises from the plaintiff, for the period of one month, for which they gave judgment to the plaintiff for $150.00, the amount of the rent for one month, from which judgment the defendant appealed to the circuit court, and four months after the appeal, the cause was tried *de novo* on the merits ; and during this time the defendant remained in possession of the property in controversy, and that upon the trial of the case upon the appeal, it appeared in evidence that the use and occupation of the premises were worth $150.00 per month during the whole period of occupation. Upon this state of facts, can it be successfully contended, that plaintiff would not be entitled to the rents which had accrued pending the appeal, in the face of the statute, which expressly gives the plaintiff a right to claim for all arrears of rent due at the time of such trial, or for the use and occupation of the premises up to that time, and which requires that the jury shall be charged to inquire and find the same, and that judgment shall be entered against the defendant and his sureties, on the appeal bond, for the amount of such verdict. We think not.

It is a rule in the construction of a statute, that every part of it must be viewed in connection with the whole, so as to make all the parts harmonize, if practicable. And this result is produced by the construction which we have given to the sections of the statute under consideration. It is a construction which relieves them of all apparent discrepancy, and which reconciles and makes them harmonize with each other.

It sufficiently appears from the record, that Poston was in possession of the premises from the commencement of the action until his death, and that the same remained in the

possession of the plaintiff in error, as his administratrix, from that time to the trial of the cause in the circuit court. And in view of the extent of the tract of land in controversy, and of the length of time the same remained in the possession of the defendant, we cannot say that the verdict of the jury is excessive.

The last assignment of error, impeaches the correctness of the judgment, on the ground that a writ of possession was awarded against the heirs at law of Poston. This is founded in a misapprehension of fact. The court awarded a writ of *habere facias possessionem* to remove the defendant below from the premises, " as well as all other persons, who may be wrongfully thereon," and to put the plaintiff below in possession thereof. In this writ there is nothing said about the heirs at law of Poston, for the reason that there was no evidence of their possession of the premises, or that they had any interest in the action to be affected by the judgment. There is no evidence in the record that Poston had such an interest in the premises, as upon his death, would descend to his heirs, and without such interest, there was no necessity to revive the suit as to them. But on the contrary, we are to presume that Poston, from his being charged with rent by the plaintiff, had but a lease or chattel interest in the premises, and therefore, upon his death, his personal representative is the only person to be made party to the action by revival.

In the absence of testimony, we can perceive no error in the record before us, for which the judgment should be reversed.

The judgment will, therefore, be affirmed.