·No. 11,126.

CONDEN v. MORNINGSTAR ET AL.

PRACTICE.—*Instructions.*—Where the evidence is not in the record, an instruction will be upheld by the Supreme Court, if in any conceivable state of evidence under the issues it might have been proper.

SAME.—*Exceptions.*—Exceptions to instructions must be taken either in the mode prescribed by section 535, R. S. 1881, or by bill of exceptions; and, if not so reserved, no question thereon can be made in the Supreme Court.

SAME.—*Evidence.*—The refusal to admit evidence will not be held to be error if the evidence could only have been proper upon the introduction of some other evidence, and none of the evidence is in the record. For illustration see opinion.

EXAMINATION OF WITNESS.—A question to a witness which assumes a fact not proved should not be allowed.

SAME.— *Witness.*—The refusal to allow a question to be put to a party's own witness, the trial court not having been informed of the evidence expected to be elicted, is not available error.

From the Morgan Circuit Court.

*L. Ferguson,* for appellant.

HAMMOND, J.—This was an action by the appellee Sarah C. Morningstar against the appellant and the appellee John C. Comer, sheriff, who declines to join in the appeal, to recover the possession of personal property. The issues were tried by a jury, and a verdict returned for the plaintiff. The appellant's motion for a new trial was overruled, an exception reserved, and judgment rendered upon the verdict. The overruling of the motion for a new trial is assigned for error. The consideration of the case will be confined to such points of alleged error as are discussed in the appellant's brief.

Complaint is made of instruction numbered 10, given by the court to the jury. There are two methods of taking an exception to an instruction. The first requires no bill of exceptions, but simply the writing on the margin, or at the close of each instruction, "refused, and excepted to," or "given, and excepted to," and signed by the judge and dated. Section 535, R. S. 1881. An exception to an instruction may also be

shown by a bill of exceptions. Section 626, R. S. 1881. The appellant, with respect to the charge complained of, pursued neither of these methods. An exception to the giving of the instruction was written at its close, but not signed by the judge; it was signed by the appellant's attorneys. While this would have been correct under the former code (section 325, R. S. 1876), it will be seen that section 535, *supra*, has changed the practice in this respect. An error in giving or refusing an instruction can not be considered by this court unless one of the statutory requirements in taking an exception has been complied with. 1 Works Prac., section 796. While it is unnecessary, it is not improper to, say, that where, as in this case, the evidence is not in the record, a case can not be reversed on account of the giving of an instruction, unless it is so manifestly wrong as not to apply to any supposed case which might have been made by the evidence. *Drinkout* v. *Eagle Machine Works*, 90 Ind. 423. Tested by this rule, we could not hold the instruction complained of erroneous, even though the exception thereto had been properly taken.

The appellant also complains of the rejection of certain evidence offered by him at the trial. As the record contains none of the evidence, the exclusion of testimony is not available as error in this court, unless it affirmatively appears from the issues that it should have been admitted. Thus, in a plea of payment in a suit on a promissory note, the rejection of any competent evidence tending to prove such payment would be an error which might be considered by this court without bringing here any of the evidence that was introduced at the trial. But where the evidence rejected depends for its pertinency upon the introduction of other evidence tending to prove some fact, then the evidence relating to such fact must also be in the record, otherwise it would not affirmatively appear that there was any error in the exclusion of the offered testimony. *Johnson* v. *Wiley*, 74 Ind. 233; *Shorb* v. *Kinzie*, 80 Ind. 500; *Pavey* v. *Wintrode*, 87 Ind. 379.

The plaintiff claimed in her complaint that she was the

owner of the property in controversy; that a judgment had been rendered in favor of the appellant against Peter Morningstar and William H. Poore; and that an execution issued on said judgment had been wrongfully levied upon said property. The appellant answered by the general denial, and also specially to the effect that the plaintiff's only claim of title to the property was derived by a pretended sale by her husband, said Peter Morningstar, to said Poore, and by her pretended purchase from said Poore, and that these transfers were made to defraud creditors. She replied by the general denial. At the trial the appellant introduced Poore as a witness, and proposed to prove by him that during the pendency of the appellant's suit against Morningstar and Poore, in which the judgment referred to was obtained, said Morningstar made statements to the effect that he intended to delay the recovery of judgment in that action to give himself time to dispose of his property so that it could not be reached by execution. On the plaintiff's objection this evidence was not admitted. Now, it is plain, we think, that the appositeness of this evidence was dependent upon the fact whether other evidence was introduced tending to prove the appellant's special defence, namely, that the plaintiff's title to the property was claimed through a sale from her husband to Poore, and also by her purchase from the latter. There is nothing in the record, except the averment in a pleading which is denied by another pleading, showing that the plaintiff's husband ever owned the property in controversy. Unless there was some evidence tending to prove this fact, it is manifest that the husband's statements of a purpose to dispose of his property to defraud creditors was wholly irrelevant to the case. The burden rests upon a party appealing to this court to show affirmatively by the record that a ruling complained of was erroneous and prejudicial to his rights. In the absence of such showing we must presume in favor of the correctness of the ruling.

The appellant introduced, as a witness in his behalf, Peter

Morningstar, and asked him to state to the jury what his intent was in transferring the property in controversy to William H. Poore, and what his intent was in causing said Poore to assign said property to the plaintiff. The court sustained an objection to the question. In the absence of the evidence from the record, the ruling of the court may be upheld on the theory that it was not proved at the trial that the witness ever owned the property, or made or caused the transfers alluded to. Where a fact is not proved or admitted, a question to a witness which assumes its existence is erroneous, and an objection thereto is correctly sustained. It does not appear what the appellant proposed to prove by the witness in answer to the question. It may be that the witness would have stated that his intent was honest in the matters inquired about, and that he would have given such explanations of the transfers of the property as would have been consistent with the *bona fide* ownership thereof by the plaintiff. In such case the appellant could not complain at the refusal of the court to permit the question to be answered. The sustaining of an objection to a question asked by a party to his own witness is not available as error in this court, unless the record shows that the trial court was informed what was proposed to be proved by the answer to the question. *First Nat'l Bank* v. *Colter*, 61 Ind. 153; *Farman* v. *Lauman*, 73 Ind. 568.

We are unable to find any error in the record.

Judgment affirmed, at appellant's costs.

Filed March 13, 1884.