No. 10,866.

## SHARPE v. GRAYDON.

CONTRACT.—*Breach.*—*Measure of Damages.*—*Mortgage.*—*Husband and Wife.*—
Suit by a married woman, alleging that she had, at the instance of her
husband and the defendant, mortgaged her lands to secure a loan of $3,-
000, upon an agreement with the defendant that he would receive the
money and apply $1,000 of it in payment of an older mortgage on part
of the same lands, given to secure her husband's debt, and would pay
$2,000 to her husband; and for breach, that the defendant received the
money, did not apply said $1,000 as agreed, but converted it to his own
use, by reason whereof she lost her land. It appeared in evidence that
$300 had been paid by her husband upon the older mortgage.

*Held,* that the measure of damages could not exceed $700 and the interest
thereon.

SAME.—*Evidence.*—In such case it is error to exclude evidence by the hus-
band as a witness to the effect that the loan was made with a view to
other purposes than the payment of the prior mortgage; so, also, to
exclude evidence showing that the husband, and not the defendant, nine
years before the trial, received the borrowed money, and that he disposed
of the whole of it, paying $300 on the older mortgage.

WITNESS.—*Evidence.*—*Practice.*—The refusal to permit a party to put a
question to his own witness is not available error, where the court has
not been informed of the evidence expected to be elicited by the answer.

From the Marion Circuit Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for ap-
pellant.

*S. Claypool* and *W. A. Ketcham,* for appellee.

FRANKLIN, C.—Appellee sued appellant for an alleged
breach of a parol agreement in relation to the execution of a
mortgage upon her real estate.

The substance of the complaint is as follows: Appellee, be-
ing the owner of certain real estate, in 1868 mortgaged the
same to secure a note executed by her husband to Anna E.
Browning for $1,100. On June 10th, 1873, said note being
unpaid, at the instance of her husband and said defendant
Sharpe, she executed a mortgage to one George Randall, on
the east half of said real estate, to secure a loan of $3,000,
then and there agreeing with the defendant " that he would

receive the money so borrowed by her husband upon said mortgage, and after paying $2,000 thereof to her husband would apply the residue, to wit, the sum of $1,000, to the payment, discharge and satisfaction of said mortgage to said Anna E. Browning." That upon said agreement she united in said mortgage, and said defendant thereupon received the proceeds of said loan. And that said defendant did not apply said sum of $1,000, or any part thereof, to the payment and discharge of said indebtedness to said Browning, but converted the same to his own use, and has refused to pay the same to said plaintiff, or any part thereof. By reason thereof, and the existence of said mortgage, said premises were wholly lost to her. Wherefore she demanded judgment for $1,600 damages.

An issue was formed by a general denial. There was a trial by jury; verdict for the plaintiff for $1,540, and over a motion for a new trial judgment was rendered upon the verdict.

The error complained of is in overruling appellant's motion for a new trial. The reasons stated for a new trial are: The verdict is contrary to law, and is not sustained by sufficient evidence, the damages are too large and are excessive, error of law occurring at the trial, in excluding certain testimony of George Ryer, striking out parts of deposition of William M. Graydon, giving to the jury certain instructions, and the refusal to give certain other instructions asked by the defendant.

There is a square conflict in the evidence as to there being any agreement to apply any part of the $3,000 loan from Randall to the payment of the Browning debt. But it was proved, and admitted upon the trial, that $300 of the proceeds of the Randall loan was applied on the Browning mortgage.

The complaint at most only charges the defendant with the conversion to his own use of the $1,000 that was to be applied on the Browning mortgage. If no part thereof had been paid upon the Browning mortgage, and the complaint be true, the plaintiff could only recover the $1,000, with six per cent. interest, from date of Randall's mortgage to date of

judgment. But the evidence shows, and the fact is admitted, that $300 of said proceeds were paid upon the Browning mortgage on the 17th day of June, 1873, seven days after the execution of the Randall mortgage. But it is insisted that the husband William Graydon paid the $300, that the defendant, Sharpe, had previously converted it to his own use, and notwithstanding the husband afterwards paid it on the Browning mortgage, the defendant should still be held liable to pay it to her.

It makes but little difference to her which made the payment, her property was relieved from the lien of the mortgage to the extent of the payment, and as to that the property was not lost by her. Although there might at the time have been a breach of the agreement and a conversion of the proceeds, yet, if the money was afterwards paid, only nominal damages could be recovered for the breach. 2 Addison Torts, 462; 2 Sedg. Dam., pp. 413 and 415. Hence the most that could have been recovered under the allegations of the complaint, the proof and the admissions of appellee, is the $700, with interest at six per cent. from the 10th day of June, 1873, to the 2d day of June, 1882, the date of the judgment, say nine years, making together the sum of $1,078. We think the damages assessed at $1,540 are excessive.

It is further insisted that the court erred in excluding certain testimony of George Ryer. The question objected to, and to which the objection was sustained, is: " Do you know to whom the loan was made?" This was an introductory question, the answer to which, if made in any way, could not, without being followed by an additional question, or questions, have possibly affected the merits of the case. There was no attempt to further pursue the inquiry or inform the court as to what facts were intended to be proved by the testimony. There is no available error in the exclusion of this testimony.

It is further insisted that the court erred in striking out parts of the deposition of William M. Graydon. But it is claimed by appellee that this objection is waived by the record

showing that the parts said to be stricken out were read to the jury.

Bill of exceptions No. 1 contains the parts struck out and replaces them properly in the record under the signature of the judge.

Bill of exceptions No. 2, containing the evidence given to the jury, also contains the questions and answers, the striking out of which are complained of by appellant, with the following marginal note opposite each: "Stricken out on motion of plaintiff, as shown by bill of exceptions."

We think this error of the compiler of the second bill of exceptions, in including these questions and answers therein, fully explains itself. And if it can be considered that these questions and answers were read to the jury, it must be considered that they were then struck out by the court; for the second bill is regularly authenticated by the signature of the court as well as the first.

We think that the record shows that said questions and answers were not read to and left before the jury for their consideration, and the objections and exceptions to their exclusion as evidence are properly a part of the record.

The eighth question and answer which were struck out read as follows: "What representations, if any, were made by you to induce your wife to join with you in said mortgage to Randall? Answer. My representations were that I had to meet and pay a deficit of about $1,850, owing by me to the P., C. & St. L. R. R. Co., growing out of my account as freight agent, and that I had to make some repairs and improvements on our homestead dwelling, and some other little matters."

Under the charge in the complaint that the husband and the defendant induced her to sign the mortgage to Randall under an agreement that $1,000 of the proceeds should be paid upon the Browning mortgage, we think this question and answer were relevant, material and competent, and that the evidence contained therein, in connection with the other evidence in the case, should have gone to the jury for their consideration.

Question and answer No. 13, which were struck out, read as follows: "State as nearly as you can the exact disposition by you of said $3,000 so received by you? Answer. To my best recollection I disposed of said $3,000 as follows: About $1,850 paid to said railroad company, as heretofore stated; $300 interest on Browning note and mortgage; about $400 for addition to the house; about $200 paid bills of my wife; balance in sundry accounts that I can not now state."

Considering that this transaction occurred some nine years before the trial, and over seven years before suit was commenced, we think the action of the parties about the time of the transaction would tend strongly to show the construction that they themselves had placed upon any agreement that they may have made, or to disprove the making of any such agreement.

It was competent for the defendant to prove that the husband received and disposed of the proceeds, and that $300 of the same were applied upon the Browning mortgage. We think the court erred in striking out this part of the deposition.

It is further insisted that the court erred in refusing to give instructions asked by appellant, and in giving instructions of its own motion. As the judgment must be reversed for the errors heretofore stated, and the same instructions may not be repeated in a subsequent trial, we deem it unnecessary to prolong this opinion by setting out, discussing and deciding upon the instructions.

The court erred in overruling the motion for a new trial, for which the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to grant a new trial, and for further proceedings.

Filed Nov. 13, 1884.   Petition for a rehearing overruled Feb. 20, 1885.