Lauter *v.* Simpson.

We think this last contract was fairly within the *apparent* scope of the partnership business, and the work having been performed by the appellee in the belief that it was a firm undertaking, he is entitled to judgment against the firm therefor, although, in fact, as between the members, the contracting partner was not authorized to act for the firm.

The only question discussed under the motion for a new trial relates to the giving and refusal of instructions.

We have carefully examined each instruction given and those offered by the appellant, and in view of the law applicable to the case, as stated in this opinion, the action of the trial court with reference to the instructions is not open to criticism.

The judgment is affirmed.

Filed Sept. 17, 1891.

───────◆───────

No. 240.

LAUTER *v.* SIMPSON.

VERDICT.—*Amount.*—*How Computed.*—*Illegal Items in Bill of Particulars.*—*Presumption.*—*Appeal.*—Where, in an action for the price of certain lumber sold, a verdict was returned in favor of the plaintiff for the exact amount named in the bill of particulars, a few of the items in which were illegal, yet if the interest due upon the claim was sufficient to cover the amounts of the erroneous items in the bill of particulars, and it does not appear how the jury arrived at the amount of their verdict, it will be presumed that they allowed interest on the delayed payment, instead of allowing for the erroneous charges in the bill.

EVIDENCE.—*Failure to Show Purpose of Offered Testimony.*—No question is presented upon a ruling of the court refusing to permit the defendant to testify, where the testimony which he proposed to give, or its purpose or object, was not shown.

SAME.—*Principal and Agent.*—In an action for lumber sold where the only question was whether or not the person to whom the sale was made was the defendant's agent, it was not error to exclude the testimony of the defendant that the lumber was worthless.

SAME.—The fact that the agent had also testified in regard to the quality of the lumber will not change the rule, no objection having been made by the defendant to his testimony.

APPELLATE COURT.—*Weight of Evidence.—Reversal of Judgment.*—The appellate court will not reverse a judgment for want of sufficient evidence to sustain the verdict or finding, where there is some evidence tending to sustain it.

From the Marion Superior Court.

*L. B. Swift,* for appellant.

*R. Hill* and *M. S. Bright,* for appellee.

REINHARD, J.—This action was for the price of two carloads of lumber. The jury returned a verdict in favor of the appellee for the exact amount named in the bill of particulars. A few of the items set out in the bill may be conceded to be illegal, but we think that the interest due upon the claim, if the latter was just and owing, as the jury found it to be, was more than sufficient to cover the amounts of the erroneous items in the bill of particulars. There is nothing to show how the jury arrived at the amount named in the verdict, and we must presume in favor of the correctness of the amount found, by assuming that the jury allowed the appellee interest on the delayed payment, instead of allowing him for the erroneous charges in the bill. There was no effort made in the court below to have these illegal items stricken out, or to have the jury instructed to disregard them.

We can not, therefore, disturb the verdict on account of its being excessive.

The question is presented for our decision whether or not the verdict is sustained by the evidence.

The appellee's contention in the court below was that he had sold the lumber to the appellant through the latter's agent, McGinnis. On the other hand, the appellant stoutly contended that he never constituted McGinnis his agent, and that whatever dealing there was between him and McGinnis about the lumber was done by the parties in the capacity

Lauter v. Simpson.

of principals. His position was that McGinnis purchased the lumber from appellee, not for the appellant, but for himself, and that having become the owner thereof he sold it to the appellant conditionally, the condition being that the lumber was suitable to the purpose for which appellant wanted it, and that when he found it was not he rejected it, and McGinnis disposed of it to other parties.

It has so often been decided by the Supreme Court that a judgment will not be reversed for want of sufficient evidence to sustain the verdict or finding, where there is some evidence tending to sustain it, that it is fruitless any longer to cite authorities in support of the doctrine.

There was evidence tending to prove that the appellant sent McGinnis to Simpson, the appellee, to purchase the lumber for appellant; that McGinnis, in pursuance of his instructions, purchased the lumber from the appellee and delivered it to the appellant.

On the other hand, there are circumstances strongly tending to support the claims of the appellant that the transaction was between McGinnis and appellee, and that appellant, in turn, dealt with McGinnis individually, and not with the appellee through McGinnis.

In view of this conflict in the evidence we can not undertake to determine where the preponderance lies, and must presume in favor of the correctness of the conclusion reached by the jury and sanctioned by the trial court.

We can not interfere with the judgment on account of the insufficiency of the evidence.

We proceed to investigate the appellant's claim that the court erred in excluding certain legal testimony.

On his direct examination the appellant was asked the following question :

" What was the talk between you and McGinnis when you rejected the lumber ? "

To which the appellant proceeded to answer :

" I asked McGinnis—I says I don't want that lumber.

He says why ? . I told him to come out, and we went to the yard, and I says that lumber is no good whatever; it has been flooded and is rotten, and can not be anything made out of it."

At this point the appellee's counsel objected to any conversation between the witness and McGinnis as to the quality of the lumber, and the court sustained the objection.

It was not shown by the appellant what the precise testimony was which he proposed to give, nor its purpose or object. There was, therefore, no question made which requires any ruling from us. *Farman* v. *Lauman,* 73 Ind. 568; *Cox* v. *Dill,* 85 Ind. 334 ; *Conden* v. *Morningstar,* 94 Ind. 150 ; *Sharpe* v. *Graydon,* 99 Ind. 232 ; *Whitehead* v. *Mathaway,* 85 Ind. 85 ; *Harter* v. *Eltzroth,* 111 Ind. 159 ; *Judy* v. *Citizen,* 101 Ind. 18 ; *Higham* v. *Vanosdol,* 101 Ind. 160 ; *Beard* v. *Lofton,* 102 Ind. 408.

Appellant further complains of the ruling of the court in excluding the testimony of appellant in reference to the worthlessness of the lumber.

McGinnis had testified that he thought the lumber was cheap at the price for which he purchased it for appellant.

Appellant offered to prove by C. W. Osgood and other witnesses that the lumber was worthless except for firewood. This testimony was excluded by the court.

We can not see upon what principle, under the issues, the value or quality of the lumber could in any way become competent. If the appellant sent McGinnis to purchase the lumber for him, and he did so purchase it at a certain price, it can not be material, in the absence of fraud, that the lumber was of a quality or value inferior to that which the appellee had instructed McGinnis to purchase. If the appellant, on the other hand, did not authorize McGinnis to purchase the lumber for him, then he would not be liable. This was the theory of both parties, and upon which the case was tried.

The appellant either purchased the lumber by his agent at

a certain price or he did not so purchase it. If he did purchase it he is liable ; if not, the appellee could not recover anything. The quality of the lumber can not be inquired into under the issues.

The fact that McGinnis had also testified in regard to the quality of the lumber can not change the rule. It does not appear that any objection was made to the testimony of McGinnis upon this subject, and the appellant can not, therefore, be heard to complain of unfair treatment at the hands of the court when by his silence he tacitly agreed to the introduction of the testimony before the jury.

We have carefully examined the record in reference to the various questions presented in the brief of the learned counsel for appellant, and have not been able to find any available error.

The judgment is therefore affirmed.

Filed Sept. 17, 1891.