## INDIANAPOLIS STREET RAILWAY COMPANY ET AL.
## v. BOLIN.

[No. 6,209.    Filed February 19, 1908.]

1. APPEAL.—*Initial Attack on Separate Paragraphs of Complaint.*— The different paragraphs of a complaint cannot be separately attacked for the first time on appeal.  p. 268.

2. SAME.—*Assignment of Errors.—Joint.*—A joint assignment, to be available, must be sufficient as to all joining therein.  p. 268.

3. SAME.—*Assignment of Errors.—New Trial.—Interrogatories.*— *Succeeding Street Railroad Company.*—Where a street railroad company and its successor, which is alleged to have succeeded to the former company's liabilities, are sued for an injury sustained because of the negligence of the former company, and both companies answer by denial, the former company's separate motions for judgment on the answers to the interrogatories, and for a new trial, are not available to the successor company under a joint assignment of errors on appeal, though the successor company admitted in evidence that it was liable for the former company's negligence.  p. 268.

4. SAME.—*Assignment of Errors.—Failure to Present Questions.*— *Dismissal.*—Where the assignment of errors fails to present any question for review, the appeal will be dismissed.  p. 271.

From Superior Court of Marion County (66,623) ; *John L. McMaster,* Judge.

Action by Elizabeth Bolin against the Indianapolis Street Railway Company and another.  From a judgment on a verdict for plaintiff for $2,000, defendants appeal.  *Appeal dismissed.*

*F. Winter* and *W. H. Latta,* for appellants.

*Elmer E. Stevenson* and *Edward H. Knight,* for appellee.

RABB, J.—This was an action by the appellee to recover damages resulting from injuries alleged to have been sustained by her through the negligence of the appellant Indianapolis Street Railway Company.  It is alleged in the complaint that, subsequently to the accruing of appellee's cause of action, the appellant Indianapolis Traction and Terminal Company acquired and succeeded to all the rights

of the Indianapolis Street Railway Company, and assumed its liabilities, including its liability to appellee, and judgment was demanded against both appellants. The cause was put at issue by the general denial, a jury trial had, resulting in a general verdict in favor of the appellee, with which verdict the jury returned answers to interrogatories submitted to them by the court. The appellant Indianapolis Street Railway Company separately moved for judgment in its favor on the answers to interrogatories, which motion was overruled, and exception reserved by both appellants, and then moved for a new trial, which motion was overruled, and exception reserved by both appellants. Judgment was rendered on the verdict against appellants jointly. In this court appellants join in assigning as error (1) that the first paragraph of the complaint does not state facts sufficient to constitute a cause of action against either appellant; (2) that the second paragraph of the complaint does not state facts sufficient to constitute a cause of action against either appellant; (3) that the third paragraph of the complaint does not state facts sufficient to constitute a cause of action against either appellant; (4) that the court erred in overruling the motion of appellant Indianapolis Street Railway Company for a judgment on the answers to interrogatories; (5) that the court erred in overruling the motion of the appellant Indianapolis Street Railway Company for a new trial.

Upon the trial of the cause it was agreed that the Indianapolis Traction and Terminal Company, on January 6, 1903, succeeded to all the rights of the Indianapolis Street Railway Company in the street railway system in Indianapolis, and that the Indianapolis Traction and Terminal Company assumed all legal liabilities of the street railway company for damages for injuries occasioned by the operation of the road by the Indianapolis Street Railway Company, including the injuries sued for by the plaintiff in this action, if plaintiff was entitled to recover. There was a motion by

appellee to dismiss this appeal, and it is insisted by appellee that no question is presented for consideration in this court upon the assignment of errors; that the first three errors assigned must be considered separately, and that each separate assignment must, like each paragraph of a complaint, be complete within itself, without reference to other reasons assigned, to show reversible error, and that where a complaint is in more than one paragraph, and a judgment is rendered on a general finding or verdict, no reversible error can be predicated upon the assignment of the insufficiency of one of the several paragraphs of the complaint; that the fourth and fifth assignments of error are insufficient to present any question, for the reason that they are jointly assigned by appellants, whereas the motions for judgment on the answers to the interrogatories and for a new trial were separate motions of appellant street railway company.

The question of the sufficiency of an assignment of error attacking separate paragraphs of a complaint containing several paragraphs is not an open question in this

1. State. It has been frequently held by both this court and the Supreme Court, that an assignment of errors calling in question for the first time in this court the sufficiency of a complaint must reach the entire complaint; that, if it is the desire of the parties to test the sufficiency of a particular paragraph of a complaint, this must be done by demurrer. *Louisville, etc., R. Co.* v. *Norman* (1897), 17 Ind. App. 355, and cases cited.

It is a well-settled rule of appellate procedure that

2. a joint assignment of errors must be good as to all who unite in it. *Meyer* v. *Meyer* (1900), 155 Ind. 569.

Appellee contends that under this rule no question is presented to this court by the record in this case, for the reason that the traction and terminal company did not join

3. in the motion for a judgment on the answers to the interrogatories, or in the motion for a new trial, and

therefore is in no position to complain of any ruling which the court made on the street railway company's motions. Appellant traction and terminal company contends that the case before us is peculiar, and is to be distinguished from numerous cases cited, in that the appellee's right to a recovery against said appellant depends entirely upon her right to recover against the street railway company, and that therefore the traction and terminal company had a right to complain of the adverse ruling of the court on the street railway company's motion for a judgment on the answers to the interrogatories and for a new trial, and cite, in support of this contention, several cases in which a distinction is drawn between the cases in which the general rule announced in *Meyer* v. *Meyer, supra,* is applied, and cases where the appellants sustained the relation of husband and wife, and holding that this rule does not apply in such cases on account of the peculiar relation of the husband and wife and the light in which that relation is viewed by the law, they being regarded as one person in the eye of the law. In *Sibert* v. *Copeland* (1896), 146 Ind. 387, cited by appellant, the court says upon this question: "The rule is well settled by repeated decisions of this court that a joint assignment of error must be good as to all the appellants who joined therein, or it will be good as to none. *Armstrong* v. *Dunn* [1896], 143 Ind. 433, and cases there cited; Elliott, App. Proc., §318. In this section the author says: 'If the errors affect the parties severally and not jointly the proper practice is for each party to assign errors, for the rule is well settled that a joint assignment will not permit one of several parties to avail himself of errors alleged upon rulings which affect him alone and not those with whom he unites in the assignment. The rule that a joint assignment of errors must be good as to all who unite in it is in harmony with the general principle of pleading which requires a demurrer, an answer, or a motion, to be good as to all who join in it.' The only defined exception to this

rule seems to be where husband and wife are parties.'' The decision of the question must turn upon whether the traction and terminal company had any cause of complaint against the ruling of the court on the street railway company's motions. It is true the rights of the appellee against the traction and terminal company were wholly dependent upon her making a case against the street railway company, but each company was a separate, several and distinct party to the action. Each duly brought into court its answer as to its liability to the plaintiff. The cause was duly tried, and a verdict duly returned against both defendants. That verdict determined the questions of fact involved, and, unless it was inconsistent with the answers to the interrogatories returned with the general verdict, or was set aside, entitled the appellee to a judgment against both the defendants. Either defendant might separately move for a judgment in its favor upon the answers to the interrogatories. From the nature of the case the appellant traction and terminal company might insist that, whatever the rights of the appellee were as against the street railway company, the special finding entitled it to a judgment against the appellee, or entitled it to a new trial as against the appellee. Its liability to the appellee was not absolutely fixed and determined by a finding against the street railway company. It had a right to contend that, under the evidence in the case, no liability was shown against it, whether the contention could be maintained or not.

The complaint averred that the traction and terminal company had assumed to pay the street railway company's obligation to appellee. The general denial raised an issue on this question, and upon this issue the interests of the traction and terminal company were antagonistic to that of the street railway company, and it had the right, after the verdict, to raise the question, by motion for a new trial, as to the sufficiency of the evidence to sustain the adverse find-

ing against it upon this issue. While the interests of the appellants, under the issues, were in some respects identical, in some respects they were not, and they were separate and distinct parties, each brought into court and called upon to defend in its own right, and though they joined in an answer, that answer presented issues, as we have already shown, in which the interests of the parties were in some respects antagonistic. When those issues presented by the complaint and answer were determined by the jury, in taking steps to prevent judgment, or upon appeal, each of the parties was called upon to act for itself. They were not bound to join in a motion for judgment on the answers to interrogatories, nor in a motion for a new trial, nor in an appeal to this court. Either party, if it chose, could drop the controversy and abide by the result, when and where it chose. If the street railway company had chosen to abide by the decision of the lower court, could it be contended with any show of reason or authority that the traction and terminal company would have any standing in this court upon its separate assignment of errors averring, as reasons for the reversal of the judgment of the court below, the action of the lower court in overruling the street railway company's motions for judgment in its favor on the answers to the interrogatories and for a new trial? We think not.

We think this case comes fairly and clearly within the rule laid down by repeated decisions of the Supreme and Appellate Courts, and which is not questioned, and that therefore, no question being presented upon the assignment of errors, there is none for this court to consider.

Appellee's motion to dismiss the appeal is sustained.