## FOWLER ET AL. v. NEWSOM ET AL.

[No. 21,373.   Filed December 10, 1909.   Rehearing denied April 1, 1910.]

1. APPEAL.—From Boards of Commissioners.—Jurisdiction.—Highways.—On appeal from the board of commissioners to the circuit court, in a highway case, a motion to dismiss such appeal on the ground of a want of jurisdiction of the subject-matter because the transcript from the board failed to show the filing of the first viewers' report, should be overruled where the papers filed with the report contained such report.   p. 106.

2. HIGHWAYS.— Viewers' Reports.— Sufficiency.— Statutes.— A viewers' report "giving a full description of the location of said highway" as required by statute, is sufficient.   p. 107.

3. HIGHWAYS.—Viewers' Reports.—Records.—Presumptions.—The records of the board of commissioners should show the filing of the first viewers' report, but where reviewers are appointed, such record should not show an order establishing the highway; and where the record fails to show the filing of a first viewers' report, but shows the filing of a remonstrance and the appointment of re-

viewers, the presumption is that a first viewers' report was duly filed. p. 107.

4. HIGHWAYS.—*Viewers' Reports.—Record.*—A first viewers' report is a paper in the case and constitutes a part of the record. p. 108.

5. APPEAL.—*Jurisdiction.—Failure to File Bond.—Highways.*—On appeal from the board of commissioners in a highway case, it is not necessary that the transcript show that an appeal was prayed, or that an appeal bond was tendered, filed or approved. p. 108.

6. APPEAL.—*Bonds for.—Substitution.—Evidence.*—Where an appeal bond, in a highway case, has been lost, a new one, signed by the same, or different sureties, may be substituted; and proof that a bond is lost may be made by affidavits. p. 108.

7. APPEAL.—*Bonds.—Substitution.—Judgment.*—An order granting leave to substitute a new appeal bond constitutes a finding that the original bond had been duly filed. p. 109.

8. APPEAL.— *Bonds.— Sufficiency.— Initial Attack on Appeal.—* A substituted appeal bond approved by the circuit court, on an appeal in a highway case, cannot be attacked for the first time in the Supreme Court on the ground that the signers were all appellants. p. 110.

9. APPEAL.—*Bonds.—Sureties.—Highways.*—Where one of the petitioners in a highway case appeals from the judgment of the board of commissioners, another petitioner who does not appeal may properly become a surety on the appellant's appeal bond. p. 110.

10. APPEAL.—*Joint Assignments of Errors.—Several Motions.*—Where appellants jointly assign as error the sustaining of a demurrer to a plea in abatement filed by one of such appellants, no question is presented, since the appellant who was not a party to the plea in abatement has no interest in the ruling thereon. p. 110.

11. TRIAL.—*Misconduct of Counsel in Argument to Jury.—How Questioned.—New Trial.—Appeal.*—Alleged misconduct of counsel in the argument to the jury can be availed of, on appeal, only by making an appropriate motion at the time, and by making the ruling thereon a ground for a new trial. p. 111.

12. HIGHWAYS.—*Viewers' Reports.—Admission of, in Evidence.*—Viewers' reports, in highway cases, constitute a part of the record, and constitute a part of the evidence in the case, whether formally admitted or not. p. 112.

13. TRIAL.—*Admission of Evidence.—Objections.—Specificness.—Appeal.*—Where objections to the admission of evidence are not specific, no question thereon can be presented on appeal. p. 112.

14. TRIAL.—*Exclusion of Evidence.—Offer of Proof.—Appeal.*—Where, on objection, evidence on the examination-in-chief was

rejected, no offer of proof being made, no question thereon can be presented on appeal. p. 112.

15. TRIAL.—*Admission of Evidence Affecting One Party.*—*Joint Objections.*—*Joint Exceptions.*—The admission of evidence affecting one appellant, over the joint objection and exception of appellants, presents no basis for a right of review on appeal. p. 113.

16. APPEAL.—*Joint Assignments.*—*Separate Motions for a New Trial.*—Where appellants jointly assign error on the overruling of their separate and several motions for a new trial, no question is presented. p. 114.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Highway proceeding by Searl B. Newsom and others, against which Inman H. Fowler and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Inman H. Fowler, in pro. per.* and *William L. Cavins,* for appellants.

*Henry W. Moore,* for appellees.

MONKS, J.—This is an appeal from a judgment establishing a public highway.

It is first insisted by appellants that the court below erred in overruling their motion to dismiss the appeal from the board of commissioners to said court.

One of the grounds of said motion was that the court below had no jurisdiction over the subject-matter of the action, because the record of the proceedings of the board of 1. commissioners, as set out in the transcript filed in said cause, did not show that said board approved, disapproved or otherwise acted upon the report of the first viewers, and that for this reason all the subsequent acts and proceedings of said board of commissioners were without jurisdiction and void, and said court below had no jurisdiction thereof on appeal.

It appears from the record that this proceeding was commenced by appellees before the board of commissioners at the April term, 1906, that viewers were appointed at said term to view said proposed highway, as required by the stat-

Fowler v. Newsom—174 Ind. 104.

ute; that said viewers made a report, "giving a full description of the location of said highway," in all respects as required by §7651 Burns 1908, Acts 1905 p. 521, §3, and finding that said proposed highway would be of public utility; that this report was filed with the county auditor on April 16, 1906; that afterwards, at the May term, 1906, of said board, appellants Fowler and Collins each filed a remonstrance against the proposed highway, "as not being of public utility," and for damages; that reviewers were appointed by the board at said term, as required by §§7653, 7657 Burns 1908, Acts 1905 p. 521, §§5, 9, in cases where remonstrances for damages and inutility are filed; that at the June term, 1906, of said board, said reviewers reported that said proposed highway would not be of public utility; that said board thereupon rendered judgment against the petitioners, the appellees in this appeal, denying said petition. From this judgment of the board of commissioners the petitioners appealed to the court below, where appellants filed said motion to dismiss said appeal, on the grounds heretofore mentioned.

The auditor filed with his transcript in the court below all the papers in said cause, including the report of said first viewers. Said first viewers' report fully complied with the requirements of the statute and was sufficient. *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36, 38, 40. It would have been proper practice to show in the proceedings of the board at said May term, 1906, that said report was made by said first viewers, but the failure to do so did not deprive the board of jurisdiction of said cause, or make its subsequent acts in said cause void. The filing of remonstrances by appellants for damages and inutility made it the duty of the board to appoint reviewers, as provided in §§7653, 7657, *supra,* without making an order establishing said highway on the report of said first viewers. From the record, which includes the re-

port of said first viewers, it will be presumed that said board received said report, for the reason that it was not authorized to appoint reviewers, as it did, until after said first viewers had reported in favor of the public utility of said proposed highway. §§7652, 7653, 7657 Burns 1908, 4. Acts 1905 p. 521, §§4, 5, 9. Said first viewers' report was a paper in said cause and a part of the record.

The other ground for the motion to dismiss the appeal was that "no appeal bond was ever tendered, filed or approved to appeal said cause from the board of com- 5. missioners, and that the report does not show that any appeal was taken or that any appeal bond was ever tendered, filed or approved."

Acts 1905 p. 521, §123, §7793 Burns 1908, authorizes appeals from the board of commissioners to the circuit court within thirty days from the decision of the board in cases like this, by filing a bond with surety and penalty to be approved by the auditor of such county. There is nothing in the statute requiring that the record of the proceedings before the board of commissioners or the transcript filed by the auditor in the circuit court should show that an appeal was prayed or taken from the decision of said board to the circuit court, or that the appeal bond should be incorporated or mentioned in said record or transcript. §6023 Burns 1908, §5774 R. S. 1881. See *Demaree* v. *Johnson* (1898), 150 Ind. 419, 421, 422.

Before the motion to dismiss the appeal was ruled upon by the court, appellees filed an affidavit showing that an appeal bond had been filed in said cause with, and approved 6. by, the auditor of said county within the time prescribed by law providing for appeals in such cases, but that said bond was lost or destroyed, and also filed therewith a written request for permission to file a substituted appeal bond. The court granted said request, and appellees filed a substituted appeal bond, which was approved by

the court, and "to said ruling and decision of the court touching the filing of said bond appellants excepted."

It is insisted by appellants that "before a substituted bond can be filed in the circuit court for one alleged to have been filed in the auditor's office and approved by such auditor, proof of such filing and approval by the auditor and the name of the surety thereon must be made by the affidavit of the auditor, and if the name of the surety is not remembered by the auditor, the affidavit of the surety, to the effect that he signed the appeal bond, must be filed, or the affidavit of someone else, who knows the facts why such information is not furnished, must be filed."

As there is no statute prescribing the kind or character of the evidence necessary to establish the filing and approving of an appeal bond in cases like this, nor the manner of proving such filing and approving, they may be established by affidavit, as was done in this case. Appellees were not required to prove said filing and approving by the affidavit of the county auditor or the surety on the bond. Appellants had the right to show by the affidavit of the county auditor that no such bond was ever approved by him, but the record does not show that appellants gave any evidence on this question.

There is no law requiring that said appeal bond, filed by leave of the court below, should be signed by all or a part of the same persons who signed the appeal bond approved by the auditor, and there is no presumption that it was so signed. This court has held that when an appeal bond is lost, on a proper affidavit a substituted or new appeal bond may be filed. *Gumberts* v. *Adams Express Co.* (1867), 28 Ind. 181. The court below by granting leave to appellees to file a new or substituted appeal bond, and approving it, found that an appeal bond had been filed and approved by the auditor in said case within the time required by §7793, *supra.* It follows, therefore, that the court did not

err in overruling appellants' motion to dismiss said appeal.

Appellants have attempted, by affidavit filed in this court, to present the question of the sufficiency of said appeal bond filed by leave of the court below and approved by it, on the ground that it is signed by two of the appellees and not by a surety. No objection was made in the court below as to the sufficiency of said bond, on the ground that it was not signed by a surety, as required by statute. The court, in granting leave to file said appeal bond and approving it, found and adjudged that said bond was sufficient, and in all respects complied with the requirements of the statute. Said objection to the appeal bond should have been made, and the evidence to prove it given in the court below, and it is too late to raise it in this court for the first time. Elliott, App. Proc. §§470, 674; Ewbank's Manual §7; *Clift* v. *Brown* (1884), 95 Ind. 53-55; *Becknell* v. *Becknell* (1887), 110 Ind. 42, 54, 55, and cases cited; *New Albany, etc., R. Co.* v. *Day* (1889), 117 Ind. 337; *Musser* v. *State* (1901), 157 Ind. 423, 431, and cases cited; *Ezra* v. *Manlove* (1843), 6 Blackf. 454; *Bazzo* v. *Wallace* (1884), 16 Neb. 293, 20 N. W. 314; *Casey* v. *Peebles* (1882), 13 Neb. 7, 12 N. W. 840; *Poston* v. *Mhoon* (1873), 49 Miss. 620.

It is proper to say that the recitals in the substituted appeal bond show that the appeal was taken from the judgment of the board of commissioners by petitioner Newsom alone. Under such circumstances, if one of the other petitioners who did not appeal signed the appeal bond he would be a surety and not a principal thereon. *Leffel* v. *Obenchain* (1883), 90 Ind. 50.

Appellants Fowler and Collins jointly assign as error "that the court erred in sustaining the demurrer to the plea in abatement of appellant Fowler." The record shows that appellant Collins did not join in said plea in abatement, but that it was the plea in abatement of said Fowler alone. It is evident that as appellant Collins

was not a party to said plea in abatement, she was not affected by the court's ruling sustaining the demurrer thereto.

It is well settled that a joint assignment of error must be good as to all who join in it, in order to present any question. Ewbank's Manual §138; *Starkey* v. *Starkey* (1906), 166 Ind. 140, and cases cited; *Bush* v. *McBride* (1903), 159 Ind. 663, and cases cited; *Bolt* v. *Ward* (1901), 156 Ind. 382, and cases cited; *Sheeks* v. *State, ex rel.* (1901), 156 Ind. 508, 509; *Yeoman* v. *Schaeffer* (1900), 155 Ind. 308, 311, and cases cited; *Earhart* v. *Farmers Creamery* (1897), 148 Ind. 79, 80; *In re Paskins* (1900), 155 Ind. 173; *Johnson* v. *Blair* (1904), 32 Ind. App. 456; *McCarty* v. *Snowbarger* (1905), 35 Ind. App. 179; *Indianapolis St. R. Co.* v. *Bolin* (1908), 41 Ind. App. 266, and cases cited. As said error, if any, is not available to said Collins, and as appellant Fowler complains thereof jointly with said Collins, said assignment of error presents no question. *In re Paskins, supra,* and authorities before cited.

Misconduct of appellees' counsel in his argument to the jury is assigned as a cause for a new trial. Where counsel for either party is guilty of misconduct in his argument to the jury, the opposite party must immediately interpose an objection thereto, and move to withdraw the submission and discharge the jury, or to instruct the jury to disregard such misconduct, or move to take some other action to counteract or neutralize the effect of such misconduct, or he cannot take advantage of it on appeal. Ewbank's Manual §49; *Hasper* v. *Weitcamp* (1906), 167 Ind. 371, 374, and cases cited; *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 214, and cases cited; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 623, 624. It follows that as no such motion was made by appellants in this case, such misconduct, if any, is not available on this appeal.

During the progress of the trial the court admitted in

evidence, over appellants' objection and exception, the report of the first viewers. This ruling of the court was assigned as a cause for a new trial. The objections made to said evidence have been disposed of by what we have said in regard to said report and its being a part of the record in this cause. There was no error committed by admitting said evidence. Under §7793 Burns 1908, Acts 1905 p. 579, §123, said first viewers' report was in evidence, whether formally introduced in evidence or not. *Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149.

The court permitted one Brewer, a witness for appellants, to answer a question on cross-examination, over the objection of appellants. This ruling of the court was assigned as a cause for a new trial. As no specific ground or reason was stated to the court for said objection, no question is presented by said cause for a new trial. Elliott, App. Proc. §§771, 775, 779; *Litten* v. *Wright School Tp.* (1891), 127 Ind. 81, 83; *Sievers* v. *Peters, etc., Lumber Co.* (1898), 151 Ind. 642, 657, and cases cited.

It was assigned as a cause for a new trial that the court erred in refusing to permit appellant Collins to answer, as a witness for appellants, a question in regard to her having a right of way over the land of her coappellant Fowler, and to his having a right of way over her land. The record shows that appellants propounded said question to said witness, that appellees objected to it, stating the grounds of objection, and that the court sustained said objection. Appellants made no statement of what they expected to prove by said witness in response to said question.

It is well settled that the exclusion of evidence on the examination-in-chief is not available as error, unless the party makes an offer to prove the facts which he assumes his question will elicit. The record must show the offer to prove, or there is no available error. *Smith* v. *Gorham* (1889), 119 Ind. 436, 439; *Harter* v. *Eltzroth* (1887), 111 Ind. 159, 160;

*Whitehead* v. *Mathaway* (1882), 85 Ind. 85, 87, 88, and cases cited; *Sharpe* v. *Graydon* (1884), 99 Ind. 232; *Conden* y. *Morningstar* (1884), 94 Ind. 150, 153, and cases cited; *Lewis* v. *Lewis* (1868), 30 Ind. 257; *Shepard* v. *Goben* (1895), 142 Ind. 318, 319, and cases cited; *Brinkman* v. *Pacholke* (1908), 41 Ind. App. 662, 668; *Gunder* v. *Tibbitts* (1899), 153 Ind. 591, 608, and cases cited.

Substantially the same question was propounded to appellant Fowler while on the stand as a witness for appellants, and an objection thereto by appellees was sustained by the court, but no offer to prove was made. There being no offer to prove, the error, if any was committed, is not available.

Complaint is also made by appellants of the refusal of the court, on objection by appellees, to permit other witnesses for appellants to answer questions propounded to them by appellants' counsel, but as there were no offers to prove, as required in such cases, it is clear from the cases cited that no questions concerning said rulings are presented by the record.

The court permitted one Shepard, a witness called by appellants, to answer on cross-examination a question propounded by appellees, which had reference alone to the lands and rights of appellant Fowler, over the joint objection and exception of appellants. It is well settled that a joint objection and a joint exception to the ruling thereon, to be available to any one joining therein, must be well taken as to all who join in such objection and exception. Elliott, App. Proc. §788; *Hatfield* v. *Cummings* (1899), 152 Ind. 537, 541; *Home Electric Light, etc., Co.* v. *Collins* (1903), 31 Ind. App. 493-495, and cases cited.

One Hays, a witness for appellees, was permitted, over the joint objection and exception of appellants, to testify to matters which affected the land and rights of appellant Fowler alone. As said objection and exception were united in by both appellants when the evidence and ruling affected only

one of them, the error, if any was committed by the court, is not available under the rule heretofore stated.

Moreover the causes assigned for a new trial by each of appellants ''separately and severally'' are not available for another reason.   Appellants, each for himself separately and severally, moved for a new trial, assigning causes therefor.  Said motion is therefore the ''separate and several'' motion of each appellant for a new trial, and not their joint motion therefor.  Said appellants jointly assign errors in this court.  It has been held in this State that when an assignment of errors is joint, it does not question the correctness of the court's ruling on the several motions of two or more appellants for a new trial; that when there is such a joint assignment of errors, challenging the correctness of one or more rulings of the trial court, the errors, if any, in such rulings must be joint against all the appellants joining in the assignment of errors or they will not be available.  *Green* v. *Heaston* (1900), 154 Ind. 127, 130, 131; *Louisville, etc., R. Co.* v. *Smoot* (1893), 135 Ind. 220; *Gough* v. *State, ex rel.* (1903), 32 Ind. App. 22, 23; *Johnson* v. *Blair* (1904), 32 Ind. App. 456, and cases cited; *Indianapolis St. R. Co.* v. *Bolin* (1908), 41 Ind. App. 266, 268, 271, and cases cited; *Grimes* v. *Grimes* (1895), 141 Ind. 480; *Sparklin* v. *Wardens, etc.* (1889), 119 Ind. 535; *Doty* v. *Patterson* (1900), 155 Ind. 60, 61; *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 609; *Jones* v. *State* (1903), 160 Ind. 537, 539; *Sheeks* v. *State, ex rel.* (1901), 156 Ind. 508, 509.

It is said in Elliott, App. Proc. §318: ''Where several parties unite in one assignment of errors they will encounter defeat unless the assignment is good as to all.  If the errors affect the parties severally and not jointly the proper practice is for each party to assign errors, for the rule is well settled that a joint assignment will not permit one of several parties to avail himself of errors alleged upon rulings which affect him alone and not those with whom he unites in the assignment.  The rule that a joint assignment of errors must

be good as to all who unite in it is in harmony with the general principle of pleading which requires a demurrer, an answer, or a motion, to be good as to all who join in it.''

The action of the court in overruling the ''separate and several'' motion of appellant Collins for a new trial affected her alone, and not appellant Fowler, and the action of the court in overruling the ''separate and several'' motion of appellant Fowler for a new trial affected him alone, and not appellant Collins. It is evident that as said appellants united in a joint assignment of errors as to the action of the court in overruling appellants' ''separate and several'' motions for a new trial, that said assignment was not good as to both, because said ruling as to each motion only affected one of them. It follows that the causes for a new trial assigned in the separate and several motion of appellants for a new trial are unavailing on this appeal.

Finding no available error in the record, the judgment is affirmed.

Jordan, J., took no part in this decision.