Butler *et al. v.* The Pittsburgh, etc., Railroad Company.

The appellee having elected to bring his action before the expiration of his term of service, he is limited in his recovery to the time of the trial, and as the measure of his damages was the contract price, less what he had earned, or what he might reasonably have earned, it was error for the court to instruct the jury that they might consider, in dertermining the amount of the recovery, the probability of his being able to retain the position he then held until the expiration of the term for which appellant had employed him.

There are other alleged errors in the record which the learned counsel have discussed, both in their oral arguments and their briefs, but as the same questions will not likely arise in a subsequent trial of the case, we do not deem it necessary to notice them here, as the judgment must be reversed for the reasons already given.

Judgment reversed, with instructions to the court below to grant appellant a new trial, and for further proceedings in accordance with this opinion.

---

BUTLER ET AL. *v.* THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY.

[No. 1,990. Filed Feb 3, 1897. Rehearing denied Dec. 15, 1897.]

APPEAL AND ERROR.— *Errors.—Waiver.—* Errors presented by the record but not discussed are waived. *p. 659.*

SAME.—*Proceeding to Trial on Insufficient Complaint.—*Where a demurrer is overruled to a complaint which is insufficient to support a judgment, and the cause proceeds to trial and the defendant recovers judgment, all errors made subsequently to the ruling on demurrer are wholly immaterial. *p. 659.*

COMPLAINT.—*Carriers.—Action for Delay in Shipment.—Averment as to Ownership.—*A complaint by a consignor against a common carrier to recover damages for delay in the shipment of goods which contains no averment as to the ownership of the property is bad. *p. 660.*

Butler *et al. v.* The Pittsburgh, etc., Railroad Company.

CARRIERS.—*Ownership of Goods.—Complaint.—Averment as to Ownership.—Presumption.*—In a complaint against a common carrier to recover damages for delay in the shipment of goods where there is no averment as to the ownership of the goods it will be presumed that the title thereof is in the consignee.   *p. 660.*

From the Henry Circuit Court. *Affirmed.*

*M. E. Forkner*, for appellants.

*John L. Rupe*, for appellee.

WILEY, J.—Appellants were "partners, trading under the name of Farrell and Butler," and prosecuted this action against the appellee, to recover damages for "unreasonable delay," in carrying two carloads of hogs from Bentonville, Indiana, to Cincinnati, Ohio.  The complaint is in one paragraph, and is based upon a bill of lading, or written contract, which embraces all the conditions upon which appellee received and agreed to ship the stock.  The bill of lading bears date of July 27, 1893, and the complaint avers, that on that day, the appellee owned and operated a system of railroads, as common carriers, through the village of Bentonville, Indiana, to the city of Cambridge, there intersecting a certain other road owned and operated by appellee, from Indianapolis to Richmond, Indiana, thence to Columbus, Ohio, and thence to Cincinnati; that on said day appellants delivered to appellee two carloads of hogs, at Bentonville, to be shipped to Cincinnati, which appellee agreed to do with all "reasonable dispatch," and issued to appellants its bill of lading, and written contract and agreement, which bill of lading is made a part of the complaint by exhibit; that appellee failed to carry out its said agreement in this, viz.: that appellee carried said hogs on said day from Bentonville to Richmond, a distance of thirty miles, and there placed them on the sidetrack, unnecessarily and without cause, and allowed

them to remain there twenty-four hours, without notice to appellants, and without food or water or other attention; that at the time the weather was very warm, that the hogs were very fat and perishable in their nature, and that by reason of said delay, six of said hogs died and became wholly worthless; that the remaining part thereof, by reason of said delay, shrank in weights to the amount of seventy-five dollars, more than they otherwise would if they had been delivered within a reasonable time; that by reason of the delay appellants were compelled to sell said hogs for $150.00 less than they would and could have received if they had been delivered within a reasonable time and without delay, on account of the market having gone down during such time; that appellants performed all of the conditions of said agreement on their part, and by reason of the failure of the appellee to perform its part thereof they were damaged," etc.

For the purposes of this opinion, it is unnecessary to set out, even in the abstract, the many stipulations of the bill of lading. It is enough to say that it is in the usual form and contains the usual conditions of like contracts for shipping live stock.

The appellee challenged the sufficiency of the complaint by a demurrer, which the court overruled, to which ruling the appellee excepted. The appellee then answered in three paragraphs, but as counsel have failed to discuss any question raised by the affirmative paragraphs of answer, they need not be noticed here. Reply in general denial, trial by jury and verdict for appellee. Motion by appellants for new trial overruled, and appellants appeal.

Appellants have assigned error as follows:

1. The court erred in overruling the demurrer to the second paragraph of answer.

2. The court erred in overruling appellants' motion for a new trial.

Many of the questions which arose on the trial, and which are embraced in the second assignment of error, are eliminated from the case by the failure of appellants to discuss them in their brief. The learned counsel for the appellants, after fully stating, in his brief, the facts averred in the complaint, and proved at the trial, makes the following statement: "We appeal this case strictly upon the instructions given by the court."

Having failed to discuss any other questions presented in the record, they are, under the familiar rule, waived.

There are, therefore, but two questions in this case for our decision and determination, viz.:

1. The action of the court in overruling the demurrer to the complaint.

2. Whether or not there was reversible error, in the instruction given by the court, of which appellants complain.

If the first question is resolved in favor of the appellee, then the second need not be determined, for in that event the judgment must be affirmed.

While appellee does not admit that the instructions complained of were erroneous, but, on the contrary, contends that they correctly stated the law applicable to the proved facts, yet asserts that even if they were erroneous, appellants were not harmed thereby, because the court erred in overruling the demurrer to the complaint; and as the complaint did not state any cause of action in favor of appellants, upon which a judgment could be founded, any subsequent error could not be prejudicial to them. Under the authorities, this position of the appellee is well grounded. This leads us, therefore, to the determination of the

sufficiency of the complaint. The appellee insists that the complaint is fatally defective, for the reason that it fails to aver ownership of the property described in the complaint in the appellants.

From the material facts of the complaint, as above quoted, it appears that there is no direct averment that the appellants were the owners of the property shipped, nor does the complaint in express terms state to whom the stock was consigned. The bill of lading, which was a special contract, shows that the appellee received the property of Farrell and Butler, and that it was consigned to Huddleston, Hubbard & Company, Cincinnati, Ohio. Appellee contends that as the complaint is silent as to the ownership of the property, the presumption of law is that the title is in the consignee. From the authorities, this proposition seems firmly established.

In *Madison, etc., R. R. Co.* v. *Whitesel,* 11 Ind. 55, is found the first adjudication upon the subject in the State, and in that case the court says: "As a general rule, the action against a carrier for the loss of goods sent by a vendor to a vendee, must be instituted in the name of the consignee; because the law implies that, by the delivery to the carrier, the goods became the property of the consignee, and this obtains though the consignor has paid the carrier for the conveyance of the goods." * * * * Continuing, the court says: "The defendants promised to deliver them for Rhodenstein & Co., at the regular station in Cincinnati, on payment of freight, etc. Hence, it must be assumed that the property in the goods vested in the consignees upon their delivery to the carriers."

In *Pennsylvania Co.* v. *Holderman,* 69 Ind. 18, Howk, C. J., says: "The legal presumption is that, upon the delivery of goods by the consignor to a common carrier, the title thereto vests in the consignee, and this

Butler *et al. v.* The Pittsburgh, etc., Railroad Company.

presumption the carrier has a right to rely and act upon, in the absence of express notice from the consignor that he retains the title; and in an action by the consignor against such common carrier, * * * * the complaint will be bad on demurrer if it does not allege that the plaintiff was the owner of such goods."

In *Pennsylvania Co.* v. *Poor*, 103 Ind. 553, Elliott, J., speaking for the court, says: "A complaint against a common carrier, alleging that it negligently failed to deliver certain goods consigned by the plaintiff, to his damage, is bad on demurrer, in the absence of an averment that the plaintiff owned the goods. * * * The right of action against a common carrier, for the loss or damage to goods consigned, will be presumed to be in the consignee, in the absence of allegations showing the contrary. * * * * There are exceptions to this general rule, but facts showing that the case forms an exception must be pleaded. The law presumes that the consignee is the real party in interest, and unless there are facts pleaded showing the contrary, this general presumption will prevail."

In the Encyclopedia of Pleading and Practice, vol. 3, at page 829, it is said: "As a general rule, the consignee is considered the person *prima facie* entitled to sue for loss or injury to goods shipped, as the law intends that by delivery to the carrier the title to the goods vests in the consignee." And again, on page 830, *supra*, it is said: "The mere fact that a person is named as consignee in a bill of lading is such presumptive evidence of ownership in him, in the absence of any showing to the contrary, as will entitle him to sue."

This is the settled rule in almost every state in the Union, and the Supreme Court of the United States has so declared the law. *Grove* v. *Brien*, 8 How. 429; *Lawrence* v. *Minturn*, 17 How. 100; *Blum* v. *The Caddo*,

1 Woods (U. S.) 64. The same rule prevails in Canada and England. *Young v. Canadian Pacific R. W. Co.,* 1 Manitoba 205; *Dawes v. Peck,* 8 Term R. 330; *Coleman v. Lambert,* 5 Mees. & W. 502.

The rule that the presumption of ownership is in the consignee is elementary, and it is so declared in Browne on Carriers, section 596, and Hutchinson on Carriers, at paragraph 736.

But it is unnecessary to multiply authorities. We conclude, therefore, that the complaint is bad and does not state a cause of action in appellants by its affirmative allegations.

We are not unmindful of the rule in this State that, where a complaint does not state a material fact directly, but such fact is shown to exist in the pleading by necessary implication, the complaint is sufficient as to such fact. *Evansville, etc., R. R. Co. v. Darting,* 6 Ind. App. 375; *Douthit v. Mohr,* 116 Ind. 482; *Cincinnati, etc., R. W. Co. v. Case,* 122 Ind. 310.

The material and necessary fact that appellants were the owners of the property described in their complaint, not appearing upon the face of the pleading, we look in vain for such other facts pleaded as will imply ownership in them.

Elliott, J., in *Pennsylvania Co. v. Poor, supra,* says: "Where a complaint is challenged by demurrer, and an exception is reserved, we cannot look into the evidence to ascertain whether injury did or did not result. The sufficiency of the complaint is to be determined from the facts stated in it, and not from what may, or may not, appear in the evidence. The court cannot examine evidence to determine a question presented by demurrer; for the demurrer presents the question fully, and the question presented must be decided according to the record." *Friddle v. Crane,* 68 Ind. 583; *Johnson v. Breedlove,* 72 Ind. 368; *Abell v.*

*Riddle,* 75 Ind. 345; *Over* v. *Shannon,* 75 Ind. 352; *Sims* v. *City of Frankfort,* 79 Ind. 446; *Wilson* v. *Town of Monticello,* 85 Ind. 10, 20; *Weir* v. *State,* 96 Ind. 311, see p. 315.

We are led to the conclusion, therefore, that the complaint was fàtally defective, and did not state à cause of action in the appellants. The court below having overruled the demurrer to the complaint, the error was prejudicial to the appellee. If the ruling of the court on the demurrer was error, and the complaint did not state a cause of action in favor of appellants, then they cannot be heard to complain of subsequent errors that were prejudicial to them. In the case of *Davis & Rankin, etc., Mfg. Co.* v. *Booth,* 10 Ind. App. 364, Lotz, C. J., says: "If an insufficient complaint is assailed by demurrer, for want of facts, and the demurrer is overruled, and the cause thereafter proceeds to trial, and the defendant recovers judgment, the appellate tribunal will treat all errors made subsequently to the ruling on the demurrer as wholly immaterial, and will affirm the judgment."

The complaint in this case being wholly insufficient to support a judgment for appellants, any instructions given, though they may have been erroneous, must be regarded as harmless. Elliott's App. Proced., pp. 570, 571; *Walbrun* v. *Babbitt,* 16 Wall. 577; *Barth* v. *Clise,* 12 Wall. 400; *Evans* v. *Pike,* 118 U. S. 241.

This rule as announced is well grounded, for the reason that if the plaintiff does not in his complaint state a cause of action that would authorize a recovery, upon proof of every material averment, it can not be said that he was injured or prejudiced by any subsequent error after the court has held his complaint good.

The conclusion reached makes it unnecessary for us to pass upon the question of the sufficiency of the instructions. Judgment affirmed.