FOSTER, ADMINISTRATOR, v. HONAN.

[No. 2,763. Filed April 26, 1899.]

MORTGAGES.—*Promise to Pay.*—*Words and Phrases.*—A promise to pay contained in a mortgage, in the words "and the *mortgagor* expressly *agree* to pay the sum of money above secured," makes both parties who have signed it promisors. *p. 254.*

PRINCIPAL AND SURETY.—*Mortgages.*—*Husband and Wife.*—*Decedents' Estates.*—*Claims.*—In an action on a claim against a decedent's estate, based upon a mortgage executed by decedent and his wife, it is immaterial whether deceased executed the mortgage as principal, or only as surety for his wife. *pp. 254, 255.*

DECEDENTS' ESTATES.—*Claims.*—*Joint Mortgage.*—*Parties.*—Where a husband and wife executed a mortgage jointly, the death of the husband made the claim several for the purpose of enforcing it against his estate upon the express promise to pay contained in the mortgage. *pp. 255, 256.*

SAME.—*Claims.*—*Evidence.*—*Principal and Agent.*—Section 508 Burns 1894, providing that no person who shall have acted as an agent in making a contract with any person who may have died shall be a competent witness in any suit involving such contract, etc., is intended to prevent an agent of a person still living from testifying in behalf of his principal against the estate of the other party to the contract. *p. 257.*

EVIDENCE.—*Contracts.*—*Bills and Notes.*—*Execution of Note.*—*Decedents' Estates.*—No error was committed in permitting a witness to testify that a person other than the one who signed the note did in fact execute it and receive the consideration therefor. *p. 258.*

SAME.—*Decedents' Estates.*—*Mortgages.*—*Husband and Wife.*—In the trial of an action on a claim against a decedent's estate, based upon a mortgage executed by decedent and his wife, the testimony of a witness that decedent paid the interest thereon was properly admitted, where the question of the capacity in which the wife signed the mortgage was in issue. *p. 258.*

WITNESSES.—*Children.*—The provision of section 505 Burns 1894, that children under ten years of age shall be incompetent as witnesses, unless it appears that they understand the nature and obligation of an oath, refers to the age of the child when offered as a witness, not the age at the date of the transaction. *pp. 258, 259.*

DECEDENTS' ESTATES.—*Claims.*— *Attorney's Fees.*— Attorney's fees may be recovered on a claim against a decedent's estate based upon a promise to pay contained in the mortgage signed by decedent and wife given to secure a note signed by the wife, providing for attorney's fees. *p. 259.*

Foster, Adm., v. Honan.

DECEDENTS' ESTATES.—*Claims.*—*Evidence.*—Where, in the trial of an action on a claim against a decedent's estate, plaintiff introduced evidence to show that deceased had made statements during his life tending to show that he acknowledged the debt in suit as his own, an offer by defendant to prove that at about the same time decedent made other statements directly to the contrary was properly excluded as self-serving. *p. 259.*

SAME.—*Claims.*—*Evidence.*—*Husband and Wife.*—In the trial of an action against a decedent's estate, based upon a mortgage executed by decedent and his wife to secure the payment of a note signed by the wife, an offer to prove that the mortgaged premises were sufficient to pay the debt, and that the wife was solvent, was properly rejected, where the question of suretyship was not in issue. *pp. 259, 260.*

From the Jackson Circuit Court.    *Affirmed.*

*O. H. Montgomery*, for appellant.

*Wm. T. Branaman*, for appellee.

COMSTOCK, J.—Appellee commenced this action by filing with the clerk of the Jackson Circuit Court a verified statement of account, based upon a note and mortgage filed as exhibits, demanding $536.45 as principal and interest, and $39.50 attorney's fee. Afterwards, by leave of court, appellee filed a second paragraph, setting out the facts relating to the contracting of the debt for which the note and mortgage were given, making them exhibits. Appellant demurred to each paragraph, (1) for want of facts; (2) for defect of parties defendant, in that Barbara A. Ruddick was a necessary party defendant. The cause was tried by the court upon the issues joined by the statute. A general finding was made, and judgment rendered in favor of appellee for $555, principal and interest, and $45, attorney's fee. The first, second, and third specifications of errors challenge the sufficiency of the complaint, and its several paragraphs. The fourth, the action of the court in overruling the motion for a new trial. Appellant discusses the sufficiency of the complaint (1) for want of facts; (2) for defect of parties defendant; and we will consider the questions raised in the same order with reference to both paragraphs.

Foster, Adm., *v.* Honan.

The note and mortgage, which are made exhibits to both paragraphs, bear the same date,—August 28, 1891. The mortgage is upon lot number 502, in block 16, in Shield's addition to the City of Seymour, Indiana, and is given "to secure the payment, when the same shall become due, of one promissory note, of even date herewith, for the sum of $500, with 8 per cent. interest from date until paid, and attorney's fees." It contains no further description of the note, and does not disclose the ownership of the lot. It is signed by Barbara A. Ruddick and Jacob M. Ruddick, in the order named, in which order the names are written in the body of the mortgage; Jacob M. Ruddick being described as the husband of Barbara A. The claim is prosecuted under the decedent's estate act, not to foreclose the lien of the mortgage; and appellee, if entitled to recover, is so entitled only upon the express promise of the deceased, contained in the mortgage. We have already set out the description of the note contained in the mortgage. The promise to pay is in the following language: "And the mortgagor expressly agree to pay the sum of money above secured, without relief from valuation laws." Appellant argues that this promise is binding only on the wife, who, he claims, is shown by the pleadings to be the principal mortgagor. But in this proceeding upon this joint obligation, as to the claimant, both parties were principals. While the subject "mortgagor" of this sentence is singular, the verb "agree" is plural, and we think, with sufficient certainty, makes both parties who have signed it promisors. This is sufficient to show a *prima facie* liability to the claimant on the part of the estate, which is all that is required.

The second paragraph alleges, in substance, that on the 28th day of August, 1891, Jacob M. Ruddick, then in life, borrowed $500 for five years of plaintiff, and procured his wife, Barbara A., to execute the note in suit for said debt in said sum; that said debt is due plaintiff from said estate; that on said date the deceased caused his wife to join with him,

and execute the mortgage in suit on her separate real estate; that the debt evidenced by the note and mortgage was in fact the separate debt of decedent; that he received and used the whole of said sum for his own individual purposes; and that no part of the same was received by his wife, or used by her for her benefit or the benefit of her property. By the construction which seems to us the proper one to be placed upon the language of the mortgage, the husband, who could not in this action be held upon the note signed by the wife alone, obligated himself to pay the sum of money, and interest and attorney's fees, named in the mortgage. So far as appellee's rights are concerned, it is immaterial, as the record comes to this court, whether the deceased executed the mortgage as principal, or only as surety for his wife. As the claim was filed and prosecuted, it was several as against the estate.

Was there a defect of parties defendant? Section 2466 Burns 1894, section 2311 Horner 1897, provides that "no action shall be brought by complaint and summons against any executor or administrator and any other person or persons, or his or their legal representatives, upon any contract executed jointly, or jointly and severally, by the deceased and such other person or persons, or upon any joint judgment founded thereon; but the holder of said contract or judgment shall enforce the collection thereof against the estate of the decedent only, by filing his claim as provided in the preceding section." The preceding section (2465 Burns 1894, section 2310 Horner 1897) referred to provides that the holder of a claim against an estate shall not bring an action by complaint and summons, but shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending, duly verified as therein required. Section 2467 Burns 1894, section 2312 Horner 1897, reads: "Every contract executed jointly by the decedent with any other person or persons, and every joint judgment founded on such contract, shall be deemed to be joint and several for the purpose contemplated in the last

preceding section; and the amount due thereon shall be allowed against the estate of the decedent as if the contract were joint and several." Under these sections of the statute, the second ground of demurrer is not well taken. Claimant filed her claim against the estate of decedent, as required by the statute, if she desired to proceed against the estate. The death of the husband made the claim several, for the purpose of its enforcement against the estate. The complaint does not, as appellant claims, seek to modify the contract, in which case it would be necessary to have all the parties thereto before the court, nor to have the note and mortgage accepted by appellee canceled as the obligation of the wife, and the debt declared to be that of another, but to enforce a joint claim, made several by statute as against the estate of decedent.

In appellant's brief it is stated: "This note and mortgage are still outstanding against Barbara A. Ruddick—in full force as to her. Suppose she elects to stand by their validity, and brings an action against this estate for $500 for money loaned, or money had and received of her by Jacob A. Ruddick, deceased, and offers the same evidence given in this case,—that, as soon as received, this money was taken charge of by her husband; that res adjudicata could not be pleaded, because she was not a party to this action; that she might recover another judgment on the evidence for the same transaction." This fear we deem an idle one. If the estate pays this debt upon the theory that the husband was the principal, or that, as between himself and wife, he was her surety, she could not recover.

Appellant next discusses the action of the court in overruling the motion for a new trial. This motion states five reasons, viz: (1) The decision of the court is not sustained by sufficient evidence; (2) is contrary to law; (3) and (4) the damages assessed are excessive; (5) errors of law in the admission and rejection of evidence specified in the motion, and

to which reference is hereinafter made.    These will be considered as presented by appellant,—in their inverse order.

Charles Leininger, a witness introduced by appellee, was asked the following question:    "You may state who wrote that name."    The record is not clear as to what name is meant.    Appellant's counsel says the question was asked for the purpose of showing who executed the note.    Appellee's counsel claims that, when the question was put, the note described in the complaint was shown to the witness (which does not appear from the record), and that the question was asked with a view of showing who executed the note.    We consider, therefore, that the question referred to the signature to the note in suit.    Appellant objected to the question upon the ground that the witness had shown himself to have been the agent of the decedent, and was therefore incompetent.    Counsel bases this objection upon section 508 Burns 1894.    The part of said section relevant to the question is as follows:    "No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness, in any suit upon or involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract, against the legal representatives or heirs of the decedent, unless he shall be called by such heirs or legal representatives."    The evidence clearly shows that this witness acted as the agent of the deceased.    He procured the loan at his instruction, and was paid for such service by him. The statute means, as we interpret it, to prevent an agent of a person still living from testifying in behalf of his principal against the estate of the other party to the contract, except at the instance of the legal representative or heirs of the deceased.    This view is supported by the apparent reason for the statute.    The claimant is not a competent witness.    In many instances to permit the agent of the claimant to testify would defeat the object of the statute, which is to place the

estate and the claimant upon equal grounds, so far as the
testimony of the principals to the contract can do so.   The
court did not err in this ruling.   The court further permit-
ted this witness to state, in answer to questions proper in
form:   "Who secured his services in negotiating said loan,
from whom he got the money, and what he did with the
money?"   Appellant's objections to these questions were, in
addition to the witness being an agent, that the contract was
in writing, evidenced by the note and mortgage, and could
not be varied by parol, and that the questions were immate-
rial.   It was not an attempt upon the part of one whose name
was subscribed to a note to deny its execution or vary its
terms, but to show that one whose name was not connected
therewith did in fact execute it, and receive the consideration
therefor.   These objections were not well taken.   The ques-
tions did not call for evidence to vary by parol the con-
tents of a written instrument.   The evidence was compe-
tent to show the facts attending the transaction.

Another reason assigned for a new trial is that the court
permitted Katie Honan, a witness for appellee, to answer the
following question:   "You may state who paid the interest
on the note?"   Appellant objected to the question upon the
ground that it was immaterial; was no part of the contract.
The witness answered that Mr. Ruddick paid the interest.
It was the theory of appellee that the note was given at the
solicitation of the deceased, for money borrowed for him,
and which he received.   In support of this theory the evi-
dence was not immaterial.   The note was signed by a mar-
ried woman.   In cases in which the question of the capacity
in which a married woman signing a contract arises, the
courts will look at the facts under which the contract is en-
tered into, as well as its form.   *Bowles* v. *Trapp*, 139
Ind. 55.

The next alleged error specified in the motion for a new
trial was the permitting of Cora Honan to testify as a wit-
ness, over the objection of appellant, upon the ground that,

when the events concerning which she testified took place, she was under ten years of age, and that it was not shown that she understood the nature and obligation of an oath; citing section 505 Burns 1894, section 497 Horner 1897. Said section makes incompetent as witnesses "children under ten years of age, unless it appears that they understand the nature and obligation of an oath." It is the age at the time a person is offered as a witness that determines the competency, not the date of the transaction. The witness was sixteen years of age. She must therefore be presumed to be competent.

The next reason for a new trial is the permitting of an attorney to testify to the value of the attorney's fee, for the collection of the claim in suit. The objection to the question was that "the defendant did not promise to pay any attorney's fees, and that there are no attorney's fees collectible on the face of the mortgage." This objection is not well taken for the mortgage is given, as heretofore set out, to secure the payment of the note for "$500, with eight per cent. interest and attorney's fees."

The next reason urged for a new trial was the exclusion of certain evidence. Appellee introduced evidence to show that the deceased had made statements during his life tending to show that he acknowledged the debt in suit as his own. Appellant offered to show by the evidence offered, that at about the same time the decedent made other statements, directly to the contrary. Such declarations would have been self-serving. They were properly excluded.

The appellant further offered to prove, by questions propounded at the proper time, the value of the mortgaged property, and the value of other property owned by Barbara A. Ruddick, which evidence the court excluded. This action is given as reason for a new trial. This evidence was offered in support of appellant's theory that the decedent was liable, if at all, as surety for his wife, and that he had a right to show that the mortgaged premises were sufficient to pay the

debt, and that she was solvent. The mortgagors, as already stated, were principals, as to the claimant. Suretyship was not an issue. Section 2479 Burns 1894 points out how any person bound with a decedent on a contract which is the foundation of the claim against his estate may be made a party to the action. Upon motion appellant could have had Barbara A. Ruddick made a party defendant, and settled the question of principal and surety as between them. Appellee was not attempting to enforce the claim against the estate of the husband as surety for his wife, but as principal.

The third ground for which a new trial was asked was that the amount of recovery was too large. The only excess claimed is the allowance of any attorney's fee, not the amount of the fee. This reason is urged upon the ground that deceased did not promise to pay any attorney's fee. We have passed upon this provision of the mortgage. Appellant, upon this reason, further insists that an attorney fee should not be allowed, because "a defense of the note was made necessary through her own fault in accepting paper in such shape. If she had taken the note of Jacob M. Ruddick for a loan of money made to him, it would not have been necessary to employ an attorney, but the claim would have been allowed without expense." This argument does not impress us seriously, and, in view of the facts presented by the evidence, can not be accepted as convincing.

What we have said upon the liability of appellant under the mortgage, in passing upon the sufficiency of the complaint, disposes of the reason for a new trial next presented by appellant, viz.: "That the decision of the court is contrary to law." The statement in the note, "The above loan is for my own use and benefit, and for the use and benefit of my own estate," while calculated to arouse mistrust as an unusual and unnecessary provision, cannot affect the contract of the husband contained in the mortgage. Either paragraph, by virtue of the mortgage alone, states a *prima facie* liability against appellant.

Lastly, appellant argues that the decision of the court is not sustained by sufficient evidence. We have read the evidence, and without weighing it,—which is not within the province of this court,—find that it sustains the decision of the trial court. We find no error. Judgment affirmed.