## VANSELL ET AL. *v.* CARRITHERS.

[No. 4,898.   Filed June 3, 1904.]

MORTGAGES.—*Husband and Wife.*—*Personal Liability of Husband who Joined in Execution of Mortgage.*—Where a mortgage after describing the notes it was given to secure contained the provision "and the mortgagors expressly agree to pay the sum of money above secured," the husband who joined his wife in the execution of the mortgage is personally liable though he did not join in the execution of the notes.   *pp. 294–296.*

APPEAL AND ERROR.—*Joint Assignment of Error.*—No question is presented on appeal on a joint assignment of errors based upon the action of the court in overruling appellants' joint motion for a new trial, where it appears that judgment was correctly rendered against one of the appellants.   *p. 296.*

From Parke Circuit Court; *A. F. White*, Judge.

Suit by James H. Carrithers against Maggie Vansell and husband.   From a judgment for plaintiff, defendants appeal.   *Affirmed.*

*Johnston & White, J. G. McNutt* and *F. A. McNutt*, for appellants.

*I. N. Pierce, C. F. Williams* and *W. A. Keerns*, for appellee.

COMSTOCK, J.—The amended complaint, upon which trial was had, alleges, in substance: That on October 24, 1885, Sarah A. Vansell executed to Isaac N. Pierce, administrator of the estate of Leander D. Carrithers, two promissory notes, due in nine and eighteen months after date, by the terms of each of which said Vansell promised to pay to the order of said Pierce, administrator, the sum of $80, with interest at six per cent. until paid, and attorney's fees; that said Sarah A. Vansell, her husband, Rouland Vansell, one of appellants herein, joining with her, executed a mortgage on a certain described tract of land to secure the payment of said notes; that said notes and mortgage were given to secure the unpaid balance of pur-

chase money for the property mortgaged; that Sarah A. Vansell died in 1888, leaving said Rouland as her sole heir; that subsequently Rouland Vansell conveyed the mortgaged property to the appellant, Maggie Vansell, with whom said Rouland had intermarried; that Pierce, administrator, had assigned said notes and mortgage by indorsement to James H. Carrithers, the plaintiff and appellee herein. It is further alleged that the notes are due and unpaid, and that $100 is a reasonable attorney's fee. Mortgage and notes are made part of complaint.

The separate answers of Vansell and Vansell alleged, in substance: That Sarah A. Vansell purchased the mortgaged property of Isaac N. Pierce, administrator, at an administrator's sale for $240; that she paid one-third in cash, and gave the notes and mortgage for the remaining two-thirds; that said sale was confirmed by the Vigo Circuit Court on November 2, 1885; that thereafter, in 1888, Sarah Vansell died, leaving appellee Rouland Vansell as her only heir; and that on August 30, 1892, said Pierce, administrator, commenced a suit, which was still pending, against Rouland Vansell in the Vigo Circuit Court, by which court the sale was made, to set aside the sale. Subsequently appellant Maggie Vansell was made a party, and an amended complaint was filed to set aside said sale and to make said deed describe the twelve acres which it is alleged was sold, and correct a misdiscription by which twenty-seven acres more of land was conveyed than the administrator intended to sell or Sarah A. Vansell intended to buy. The cause was put at issue by reply admitting a mistake in the transfer, consenting to take foreclosure of twelve acres, and denying every other allegation in the answer. In view of the conclusion reached it seems unnecessary further to set out the pleadings. A trial by the court resulted in a finding for the plaintiff that he was entitled to judgment against the defendants upon the notes in the sum of $408.36, which included an attorney's

fee of $80, and that plaintiff was entitled to a foreclosure of the mortgage.

The only error assigned is the overruling of appellants' motion for a new trial. The causes for a new trial are (1) that the decision of the court is contrary to law; (2) that the decision of the court is not sustained by sufficient evidence; (3) that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

Appellants argue that the decision of the court finding appellants personally liable on the notes is contrary to law and not sustained by sufficient evidence. Neither of the appellants signed the notes, but appellant Rouland Vansell joined in the execution of the mortgage. The mortgage, after describing the notes, and stating that they are for the unpaid purchase money of said real estate, provides, "and the mortgagors expressly agree to pay the sum of money above secured," etc. This is sufficient to make Rouland Vansell personally liable. *Gunel* v. *Cue,* 72 Ind. 34-39; *Reynolds* v. *Shirk,* 98 Ind. 480, 483; *Foster* v. *Honan,* 22 Ind. App. 252.

Counsel for appellee point out that the motion for a new trial by appellants is joint, that the exception to the ruling thereon is joint, that the assignment of errors is joint, and that under the rule of practice, if judgment was correctly rendered against appellant Rouland Vansell, no question is presented by the motion for a new trial. *Green* v. *Heaston,* 154 Ind. 127; *Sheeks* v. *State, ex rel.,* 156 Ind. 508. We must recognize the point thus made. We have, however, read the evidence. There seems to be no defense to the appellee's cause of action. The unpaid purchase money has been long due, and appellants are and have been in possession of the land described in the mortgage.

Judgment affirmed.