HAYES, ADMINISTRATOR, ET AL. v. JOHNSON.

[No. 8,543. Filed May 12, 1914.]

1. PARTNERSHIP.— Action.— Complaint.—Joinder of Administrator with Surviving Partners.—A complaint alleging that the contract was let to "John Hayes and Sons," a firm composed of plaintiffs and John Hayes, Sr., whose administrator joined as plaintiff in the action, was subject to the inference that the firm was a partnership, and therefore failed to show a cause of action in the administrator, and being insufficient as to such plaintiff, was bad as to all. p. 240.

2. APPEAL.—Review.—Insufficient Complaint.—Intervening Errors. —Where it appears on appeal that the complaint was insufficient to support a judgment for appellants if one had been rendered thereon, any intervening errors against plaintiff predicated on rulings on demurrer to the answer, or a motion for new trial, are harmless. p. 241.

3. APPEAL.—Complaint.—Defects.—Special Findings.—Conclusions of Law.—While certain informalities of a complaint may be cured by a finding of facts and conclusions of law thereon, and though the ruling on the demurrer to a complaint will not be considered on appeal where the question presented by such ruling is also presented by the trial court's conclusions of law, such rules can be of no avail to the appellants, who were plaintiffs below, where their complaint was erroneously held sufficient and the conclusions of law were against them. p. 241.

4. APPEAL.—Exceptions to Conclusions of Law.—Joint Exceptions. —To be available on appeal, a joint exception to conclusions of law must be good as to all exceptors. p. 242.

5. APPEAL.—Assignment of Errors.—Joint Assignment.—A joint assignment of errors, if not good as to one appellant, is not good as to any. p. 243.

From Jay Circuit Court; *Daniel W. Comstock,* Special Judge.

Action by Lawrence Hayes, as administrator of the estate of John Hayes, Sr., deceased, and others, against Benjamin Johnson. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*J. F. Denney* and *Walter Ashcraft,* for appellants.
*Frank B. Jaqua* and *W. F. MacGinnitie,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in favor of appellee in a suit brought by appellants to collect from him the amount of a sewer assessment and to foreclose the lien of such assessment against appellee's property. There was a complaint in one paragraph, a demurrer to which was overruled. The appellee filed a cross-complaint and an answer in three paragraphs, the first of which was a general denial. Demurrers to the cross-complaint, and to the second and third paragraphs of answer were each overruled. Appellants filed a reply in estoppel to the third paragraph of answer and a like paragraph of answer to the cross-complaint. A motion for new trial filed by appellants was overruled.

The errors assigned by appellants are: (1) overruling appellants' demurrer to the third paragraph of answer; (2) overruling appellants' demurrer to the cross-complaint; (3) error in the statement of each of the conclusions of law; and (4) overruling appellants' motion for a new trial.

Appellee assigns as cross-error that the court erred in overruling his demurrer to the complaint, and insists that the complaint being bad, intervening errors are harmless and the judgment must be affirmed. In support of his contention that the complaint is bad it is insisted by appellee that it shows a partnership to have existed between those appellants suing in their capacity as individuals and one John Hayes, Sr., who had died before the commencement of this action; that Lawrence Hayes was appointed adminis-

trator of the estate of John Hayes, Sr., deceased, and as such administrator joined with such other appellants and brought this action, when the debt sued for was one that belonged to the partnership and the action should have been brought by the surviving partner, or partners; that the complaint at least fails to show a cause of action in favor of the administrator and that for this reason, if no other, the demurrer thereto should have been sustained. Appellants' counsel, in oral argument, conceded that if the facts averred in the complaint be sufficient to show such partnership, that the demurrer thereto should have been sustained, but insist, in effect, that such averments do not show a partnership and that, even if they did, any error on account of the ruling on such demurrer was waived or obviated by appellants joining in a request for a special finding of facts, because the conclusions of law on the facts found, present the same question that arose on such demurrer and hence any ruling on the demurrer is rendered harmless.

We first inquire whether the complaint does in fact show such partnership. Its averments affecting such question are as follows: "at the time of the letting of the

1. contract for the construction of the Wilson sewer by the city of Dunkirk, Indiana, to John Hayes and Sons as hereinafter alleged, the said firm of John Hayes and Sons was composed of the plaintiff Lawrence Hayes, William Hayes, John Hayes, Jr., James Mulvahill and John Hayes, Sr. That thereafter and before the bringing of this action, the said John Hayes, Sr., died, intestate, in Jay County, Indiana, and that said plaintiff Lawrence Hayes, was by said Jay Circuit Court appointed as the administrator of the estate of said John Hayes, Sr., and that said Lawrence Hayes, is now the duly and legally qualified and acting administrator of the estate of said decedent * * * that said plaintiffs, in the name and style of John Hayes and Sons, gave bond to said city for the faithful perform-

ance of said work and did construct and build said sewer,'' etc. The reasonable, if not the necessary inference to be drawn from the averments just quoted, is that the individual appellants and their deceased father were members of a common firm or partnership which in the name and style of John Hayes and Sons was awarded the contract for the construction of the sewer for which the assessment herein sought to be recovered was levied. To say the least the complaint fails to show a cause of action in Lawrence Hayes, administrator, and being bad as to him it is bad as to all. *McIntosh* v. *Zaring* (1898), 150 Ind. 301, 312, 49 N. E. 164, and cases cited.

As a general rule where it appears on appeal that the appealing parties were plaintiffs below, and that their complaint did not state facts sufficient to uphold a judgment had one been rendered in their favor, any intervening errors against them predicated on the rulings on a demurrer to the answer or a motion for a new trial are rendered harmless, and a judgment of the trial court against them should be affirmed. *Southern, etc., Sav. Inst.* v. *Roberts* (1908), 42 Ind. App. 653, 657, 86 N. E. 490; *Butler* v. *Pittsburgh, etc., R. Co.* (1897), 18 Ind. App. 656, 663, 46 N. E. 92; *Pond* v. *Simons* (1897), 17 Ind. App. 84, 90, 91, 45 N. E. 48, 46 N. E. 153; *Grace* v. *Cox* (1896), 16 Ind. App. 150, 44 N. E. 813; *State, ex rel.* v. *State Board, etc.* (1910), 173 Ind. 706, 710, 91 N. E. 338; *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427, 431, 433, 47 N. E. 11, 50 N. E. 476. We recognize the rule contended for by appellants to the effect that certain informalities of the complaint may be cured or rendered harmless by a finding of facts and conclusions of law thereon. *Daly* v. *Gubbins* (1908), 170 Ind. 105, 108, 109, 82 N. E. 659, and authorities cited. It has also been frequently held that where conclusions of law on a special finding of facts present the same question as that presented

by a ruling on a demurrer to a pleading that the ruling on such demurrer is thereby obviated and will not be considered on appeal. *Kerbaugh* v. *Nugent* (1911), 48 Ind. App. 43, 46, 95 N. E. 336, and cases cited. These rules, however, can be of no assistance to appellants. The ruling on the demurrer to the complaint was in their favor while the conclusions of law are against them. So, if it be conceded, as appellants, in effect, contend that the conclusions of law on the facts found present the *same question* presented by the demurrer to the complaint, except that the ruling on the demurrer was in their favor and the conclusions of law against them, it would follow as a matter of course that if the complaint did not state facts sufficient to state a cause of action in favor of all of them that the facts found by the court containing the *same infirmity* would likewise be insufficient to authorize conclusions of law in favor of all of them.

It is suggested, however, by appellants that even if this court should conclude that the findings and the evidence show no cause of action in the appellant Lawrence

4. Hayes, administrator, that they do show a cause of action in the other appellants and that if this court, on investigation of the merits of the appeal should conclude that the record presents error harmful to such other appellants that the judgment below should be reversed in any event as to them and that they be allowed to amend their complaint below by dismissing as to the administrator. Assuming without deciding that the findings show a cause of action in such other appellants, and that in a proper case such a disposition of the appeal as that suggested by appellants is warranted by the decisions of the courts of appeal, appellants would still be in no position to claim the benefit of such a disposition of the case. Appellants' exception to the conclusion of law is joint, and hence must be good as to all the appellants, or it will be good as to none. *Gough* v. *State, ex rel.* (1903), 32 Ind. App. 22, 68

N. E. 1043; *Marshall* v. *Lewark* (1889), 117 Ind. 377, 379, 20 N. E. 253; *Fowler* v. *Newsom* (1910), 174 Ind. 104, 113, 90 N. E. 9. Their assignment of error in this court is also joint. Since the filing of appellee's briefs herein appellants have *all* joined in a motion or application to dismiss the appeal as to the administrator, Lawrence Hayes. This is in effect an admission by *all* the appellants that as to the one appellant, at least, the judgment on the finding of facts and conclusions of law was proper. The assignment of error being joint it follows it must be good as to all or it will be good as to none. *Kentucky, etc., Cement Co.* v. *Morgan* (1901), 28 Ind. App. 89, 62 N. E. 68; *Vansell* v. *Carrithers* (1904), 33 Ind. App. 294, 71 N. E. 158; *Fowler* v. *Newsom, supra.* So, viewed from whatever standpoint, appellants are in no position to avail themselves of any of the errors on which they rely for a reversal.

It is very earnestly contended by appellee that the decision of the case on its merits was correct and that, in all of its contested features, it is similar to and controlled by the case of *Edwards* v. *Cooper* (1907), 168 Ind. 54, 79 N. E. 1047, but our disposition of the other questions renders unnecessary a consideration and decision of the case on its merits. Judgment affirmed.

NOTE.—Reported in 105 N. E. 164. As to the curing of defective pleading by general verdict, see 1 Am. Dec. 210. See also, under (1) 31 Cyc. 103; (2) 3 Cyc. 385; (5) 2 Cyc. 1003.