# KELLEY v. YORK ET AL.

[No. 22,830.   Filed October 15, 1915.]

1. HUSBAND AND WIFE.—*Mortgages.—Validity.*—Where a husband and wife purchased a parcel of land, taking the title by the entireties, and executed a note for the purchase price, secured by a mortgage covering the land purchased, as well as a small tract belonging to the wife, and subsequently a new note signed by the husband alone, together with a mortgage covering both tracts and signed by both the husband and wife, was delivered and accepted in lieu of the original note and mortgage, liability under the latter mortgage could not be avoided on the ground that the debt was that of the husband, and that the contract of the wife was invalid as being one of suretyship, though such mortgage was not enforceable as against the separate land of the wife.   pp. 629, 632.

2. BILLS AND NOTES.—*Payment.—Execution of New Note.*—Where land was conveyed to husband and wife by the entireties, for which they executed a note secured by mortgage, a subsequent note executed by the husband alone to take up the purchase money note, although governed by the law merchant, did not operate as a payment thereof, so as to render a second mortgage which the wife signed invalid on the ground that she executed the mortgage as surety for her husband's debt.   p. 631.

3. HUSBAND AND WIFE.—*Mortgages.—Joint Debt.—Personal Judgment Against Wife.*—Where, on conveyance to them by the entireties, a husband and wife executed their note and mortgage for the purchase price, and subsequently a note signed by the husband alone, together with a mortgage signed by both and containing an express agreement of the mortgagors to pay the debt, was delivered and accepted in lieu of the first note and mortgage, the mortgagee was entitled thereunder to a personal judgment against the wife.   p. 632.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Lee R. Kelley against John C. York and another. From the judgment rendered, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   *Affirmed* in part and *reversed* in part.

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellant.
*J. W. Lindley* and *Martin L. Pigg,* for appellees.

MORRIS, J.—Action by appellant against appellees, husband and wife, for judgment on a note and to foreclose a mortgage. There was a trial by the court, with special finding of facts and conclusions of law, and judgment for appellant, on the note, against the husband, and for appellees in relation to the mortgage. The errors assigned here are based on the conclusions of law and the overruling of the motion for a new trial.

The court found that in May, 1910, appellant conveyed to appellees, as tenants by entireties, for the stipulated price of $1,025, a tract of land containing 20.5 acres. At

1. the same time appellant sold to appellee John C. York, a span of mules for $200. Mrs. York owned in her own right a tract of land containing 24.26 acres. Contemporaneous with the execution of the deed by appellant, appellees executed to him their note for $1,225, and their mortgage on both tracts of land to secure the payment thereof. When the mortgage was executed the notary informed all the parties that a married woman is not bound on a surety contract. Previous to May 20, 1911, the interest and $410 of the principal of the note had been paid by appellee John C. York. On the latter date the parties met at a lawyer's office, in Sullivan, and York executed his note to appellant for $815, representing the balance due on the original debt. This note matured in one year and was payable at a Sullivan bank. At the same time appellees executed their mortgage on both tracts of land to secure the payment of the note. The mortgage contained this clause: "the mortgagor expressly agrees to pay the sum of money above secured".

The new note and mortgage "were taken in discharge of the old note and mortgage" which were delivered to appellees and the old mortgage was released of record by appellant. Appellant's father was with the parties when the new note and mortgage were drawn, and, after their execution, called the attention of the parties to the fact that Mrs.

York had not signed the new note, whereupon the attorney said that "her signature was not necessary, as she was a married woman and could not become surety under the laws of this State".

The court further expressly found that the debt evidenced by the $815 note was that of the husband, and that Mrs. York executed the mortgage as surety. The conclusions of law state, (1) that appellant is entitled to judgment on the note against the husband, (2) that the mortgage is not enforceable, (3) that Mrs. York is entitled to a decree quieting her title to her 24.26-acre tract, and (4) that appellees are entitled to a decree quieting their title to the 20.5-acre tract purchased from appellant.

There was little conflict in the evidence, except in relation to what was said by appellant's father and the attorney on the occasion of the execution of the mortgage in suit. The elder Kelley testified that in response to his suggestion that Mrs. York had not signed the note, the attorney said she did not have to sign it—that she had signed the mortgage and that was sufficient. It is earnestly contended by appellant that there is no evidence to sustain the finding that the debt was solely that of the husband and that the wife executed the mortgage, on the tract purchased from appellant, as surety, and we are constrained to so hold. The facts here, in all essential particulars, are like those disclosed in the opinion in *McCoy* v. *Barnes* (1894), 136 Ind. 378, 36 N. E. 134. It was there held that a substantial equity will not be defeated by the interposition of technical distinctions, and that the question of the wife's suretyship does not depend on the form of the contract or the basis of its execution, but rather on the answer to the inquiry whether she received, in person or in benefit to her estate, a consideration for her contract. Subjecting the evidence here to such test, there is no warrant for the finding that the debt was solely that of the husband. The note here sued on was executed as evidence of the balance due on the purchase price of the 20.5-

acre tract conveyed to them by appellant. This land appellees took and hold as tenants by entireties. *Sharp* v. *Baker* (1912), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44. Mrs. York's beneficial interest in the land is the same as that of her husband. It would be a reproach to the fair administration of justice to hold that because of the mere form of the contract she became absolved from the performance of her honest obligations, and is secured in her title to land for which she has not paid. The enactment of our statute declaring void the suretyship contracts of a married woman, was intended as a shield to protect her in her property rights and not designed as a weapon to enable her to appropriate, without recompense, the property of others.

Counsel for appellees insist, however, that the note, being governed by the law merchant, must, under the decisions of this court, be deemed a payment of the pre-existing debt, and cite *Smith* v. *Bettger* (1879), 68 Ind. 254, 34 Am. Rep. 256, and other cases of like import. In *Jouchert* v. *Johnson* (1886), 108 Ind. 436, 9 N. E. 413, the appellant accepted a husband's note payable in bank, and the mortgage of wife and husband on her land, for a loan made to the wife. It was held that the presumption of payment, ordinarily arising from the acceptance of a note governed by the law merchant, is rebutted when its effect would be to deprive the payee of a collateral security or any other substantial benefit; that in such cases, the presumption of payment is rebutted by the circumstances of the transaction. In *Bradway* v. *Groenendyke* (1899), 153 Ind. 508, 55 N. E. 434, it was said of that decision: "This case, in effect, overturned the holding in *Smith* v. *Bettger*, on petition for rehearing, 68 Ind. 254, 262, 34 Am. Rep. 256, and in *Teal* v. *Spangler* [1880], 72 Ind. 380, that only an express agreement of the parties—no circumstances attending the transaction—would be evidence against the rebuttable presumption of payment arising from the giving and acceptance of negotiable paper."

In *Scott* v. *Edgar* (1902), 159 Ind. 38, 63 N. E. 452, a conveyance was made to Mrs. Edgar, and her husband's note, governed by the law merchant, was accepted for part of the purchase price. It was sought to enforce a vendor's lien on the land. On appeal to the Appellate Court (*Scott* v. *Edgar*, 60 N. E. 468) it was held, following *Smith* v. *Bettger, supra*, that the note operated as a payment of the debt and extinguishment of the vendor's lien in the absence of "an agreement to the contrary". On transfer to this court, it was held that the acceptance of the note of the husband created no presumption of payment because the effect thereof, if allowed, would deprive the vendor of his lien. This case was followed in *Beach* v. *Huntsman* (1908), 42 Ind. App. 205, 210, 85 N. E. 523. We are entirely satisfied with the reasoning in these later cases, and are of the opinion that the acceptance of Mr. York's note in no wise deprived appellant of his right to foreclose the mortgage on the tract owned by appellees as tenants by entireties, and, the mortgage containing Mrs. York's promise to pay the debt, appellant is entitled to a personal judgment against her for the unpaid purchase price of the tract. §1154 Burns 1914, §1097 R. S. 1881; *Foster* v. *Honan* (1899), 22 Ind. App. 252, 53 N. E. 667.

Counsel for appellant further contend that the mortgage on the 24.26-acre tract, owned by Mrs. York in severalty was executed by her as principal and not as surety. Under like facts, this court decided otherwise in *Stewart* v. *Babbs* (1889), 120 Ind. 568, 22 N. E. 770. We are not inclined to overrule that case, and therefore hold that the trial court committed no error in adjudging the mortgage invalid as to the 24.26-acre tract, and consequently the judgment, in so far as it relates to said tract is affirmed, but in other respects is reversed with instructions to grant appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Evansville, etc., Traction Co. *v.* Williams—183 Ind. 633.

NOTE.—Reported in 109 N. E. 772. Tender of payment of mortgage after condition broken, see 29 Am. Rep. 41. As to validity of encumbrance by husband and wife of property held by entireties to secure the individual debt of a husband, see 66 L. R. A. 632. See, also, under (1) 21 Cyc. 1465, 1466; (2) 7 Cyc. 1011, 1012; (3) 21 Cyc. 1578.