NOBLE COUNTY BANK ET AL. *v.* WATERHOUSE.

[No. 13,118. Filed October 11, 1928. Rehearing denied February 15, 1929. Transfer denied April 3, 1929.]

*Redmond & Emerick*, for appellants.
*Luke H. Wrigley* and *Clarence R. Finley*, for appellee.

NICHOLS, C. J.—By her complaint herein, appellee seeks to enjoin the sale upon execution of two separate tracts of land to satisfy two joint judgments rendered against her and her husband, in favor of appellant bank. It is averred in the complaint, in substance, that on September 8, 1924, Homer G. Waterhouse, appellee's husband, borrowed from appellant $8,000 and executed his note for such sum, falling due five years after date. For the purpose of securing the payment of such note, said Waterhouse and his wife, appellee herein, executed a mortgage on certain farm land situated in Noble county, Indiana, such mortgage containing the following joint promise of said Waterhouse and appellee: "And the mortgagors expressly agree to pay the sum of money above secured." Afterwards, said mortgagors defaulted in the terms of such mortgage, and thereupon, appellant

bank instituted proceedings to foreclose such mortgage, in the January term, 1926, Noble Circuit Court. Due notice thereof was given to them, but they both defaulted in such foreclosure proceeding, and a joint judgment was rendered against them for the debt thereby secured, in the sum of $9,358.21. Said Waterhouse did also on September 8, 1924, borrow from appellant the further sum of $3,000, and executed his note therefor, falling due two years after date, and, in order to secure such promissory note, said Waterhouse and his wife, appellee herein, executed another mortgage on a different tract of real estate securing the payment of such note, such mortgage also containing the joint promise of said Waterhouse and appellee as follows: "And the mortgagors expressly agree to pay the sum of money above secured." Default was made in the terms of this mortgage, and in the January term, 1926, of the Noble Circuit Court, appellant bank filed its complaint to foreclose such mortgage. Said Waterhouse and appellee were duly notified, but made default therein. A joint judgment was thereupon rendered against them for the debt thereby secured, in the sum of $3,787.17.

In each of such foreclosure suits, it was ordered and adjudged that if the mortgaged real estate should fail to sell for a sum sufficient fully to pay and satisfy the respective mortgage debts and judgments thereon, the balance thereof remaining unpaid should be levied of any property of the said Waterhouse and appellee herein, subject to execution and sale thereon, without any relief whatever from valuation and appraisement laws. Such real estate did not sell for a sum sufficient to satisfy the respective judgments. As to the judgment of $9,358.21, the real estate ordered sold to satisfy the same was sold for $7,000, leaving a balance of $2,358.21 unsatisfied; and as to the judgment of $3,787.17, the real estate ordered sold to satisfy the same was sold for

$2,000, leaving a balance of $1,787.17 unsatisfied. Thereupon, appellant Singleton, sheriff, proceeded to levy upon and sell certain real estate owned by the said Waterhouse and appellee as tenants by the entireties to satisfy the deficiency, and this action to enjoin him from making such sale followed.

Appellee alleges in her complaint, in addition to the foregoing, that the entire debt secured by said mortgage was the individual debt of said Homer G. Waterhouse, her husband, and that she received no part of the consideration for said note or for said debt secured by said mortgage; that she did not in any way become liable for said debt or upon any promise, written or otherwise, for the payment of said debt, except that she, as the wife of said Homer G. Waterhouse, executed the mortgage aforesaid for the purpose of releasing her inchoate interest in said real estate for said debt of her said husband, and that said mortgage contained the following clause, namely "And the mortgagors expressly agree to pay the sum of money above secured"; that she received no consideration whatever for the execution by her of the promise contained in the above-quoted clause set out in said mortgage; that, if any liability on her part for the payment of the said debt of her said husband arose from her execution of said mortgage containing said clause, such liability was simply and only as surety for her said husband for the payment of the said debt, and not as principal for the payment of any part thereof.

To the complaint so filed by appellee, a separate and several demurrer was filed by appellants and overruled by the court. Appellants refusing to plead over, judgment was rendered against them. The court's ruling on the demurrer is the error presented. Even if appellee, having failed to present by way of defense in the foreclosure suits questions as to her intentions in signing

the mortgages and as to her suretyship, could be heard to present them in this action, still they must be determined against her contentions.

That a joint promise to pay the mortgage debt is just as valid and binding, though found only in the mortgage itself, as it would have been had it been expressed in the note to secure which the mortgage was given, is well settled by Indiana authorities. *Foster, Admr.,* v. *Honan* (1899), 22 Ind. App. 252, 53 N. E. 667; *Vansell* v. *Carrithers* (1904), 33 Ind. App. 294, 71 N. E. 158; *Whipperman* v. *Smith* (1884), 96 Ind. 275; *Kelley* v. *York* (1915), 183 Ind. 628, 109 N. E. 772; §1174 Burns 1926. And appellee could not be heard to say, in view of such express written joint promise to pay the debt secured, that she did not become liable therefor except that, as the wife of Waterhouse, she executed the mortgages for the purpose only of releasing her inchoate interest in the real estate mortgaged for the debt of her husband. The written promise is unambiguous and absolute, and cannot be contradicted or modified by parol evidence of intention.

Nor would the fact that appellee was the surety for her husband, who was the principal debtor, have been of controlling force. In *Union Nat. Bank* v. *Finley* (1913), 180 Ind. 470, 103 N. E. 110, there was a judgment on a joint note executed by a husband and wife. Of this amount, $4,102.12 was the debt of the wife, and the husband was the surety therefor, and it was held that so much of the joint judgment as represented the wife's debt, for which the husband was but surety, was a lien upon real estate held by them as tenants by the entireties, but, as to the remainder of the debt, for which she received no consideration, and for which she was but surety, she was not bound. It is to be observed that at that time the disabling statute as to married women, §7855 Burns 1908, was in force, and

a married woman could not be held as a surety. But since the enactment of ch. 63 of Acts 1923 p. 190, being §8738 *et seq.* Burns 1926, a married woman may be bound as surety as well as her husband, and the Union National case becomes an authority herein against appellee's contention.

But even if the law had been with appellee on the question of her intention in signing the mortgages, and of her suretyship, had she presented the questions at law in the foreclosure proceedings, failing so to do, she may not now in equity be granted injunctive relief. She was duly and regularly served with notice of the pendency of the proceedings in which the joint judgments were rendered, but she failed to appear and permitted the joint judgments to be rendered by default. There is no question that there was any fraud practiced on her, and she makes no excuse whatever for her failure to appear and defend. She might in those cases have appeared and set up said supposed defenses, and such supposed defenses at law could then have been heard. But, having by her own negligence, inexcusable so far as here appears, failed to avail herself of such supposed defenses at law, equity will not now grant her relief from the effect of the judgments on grounds which were then available to her. *Brown* v. *Wyncoop* (1829), 2 Blackf. (Ind.) 230; *Center Tp.* v. *Board, etc.* (1887), 110 Ind. 579, 10 N. E. 291; *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 36 N. E. 1114, 24 L. R. A. 46, 46 Am. St. 402; *Skinner* v. *Deming* (1851), 2 Ind. 558, 54 Am. Dec. 463.

In the last case cited, the court held that "a court of chancery will not relieve against a judgment contrary to equity, where a defense existed which might have been set up at law, unless the failure to set it up was unmixed with fault or negligence on the part of the defendant to such judgment."

The Union National Bank case cites with approval *Sharpe* v. *Baker* (1911), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44, where it was held that land held by a husband and wife by entireties is subject to execution on a joint judgment against them. At the time of the decision of the Sharpe case, there was a petition to transfer to the Supreme Court, which was denied. We are constrained to hold, in harmony with these authorities, that the demurrer to the complaint should have been sustained.

The judgment is reversed, with instructions to sustain the demurrer to the complaint.